JOHN A. TUGGLE, Respondent vs. THE ST. LOUIS, KANSAS CITY & NORTHERN RAILWAY COMPANY, Appellant.

62   425
31a   92

1. *Practice, civil—Trials—Common carriers, liability of—Election.*—If a petition against a common carrier states a good cause of action, it is immaterial whether it is based on the liability of the common carrier by common law, or on a special contract, and the court has no right to call on the counsel for any explanation of the petition.

2. *Evidence—Agents, statements of.*—A statement by an agent of a railroad, that it was reported that there had been a delay in a freight train, and that, if the facts were as represented, the company ought to and would pay the damages, and requesting the party in interest to investigate the facts, is incompetent, and irrelevant in a suit against the road for damages from such delay.

3. *Practice, civil —Supreme Court—Illegal testimony—When will reverse.*— Where the evidence is conflicting, and illegal testimony is admitted, which might mislead a jury, the court might be required to send the case back for a new trial; but where there is no conflicting evidence, indeed no testimony for the appellant, it is more in accordance with the provisions of the statute (Wagn. Stat., 1067, § 33), to let the judgment stand.

*Appeal from Circuit Court of Daviess County.*

*Shanklin, Low & McDougal,* for Appellant.

I. The admissions of Wicker were clearly inadmissible. Admissions of an agent, to bind the principal, must be within the scope of his employment, and must have been made as a part of the transaction itself. (C. B. & Q. R. Co. vs. Lee, 60 Ill., 501 ; Betts vs. Farmers, &c. Co., 21 Wis., 87 ; Milwaukee, &c. R. Co. vs. Finney, 10 Wis., 388 ; Giles vs. Western R. Co., 8 Metc., 44 ; Chicago, &c. R. Co. vs. Riddle, 60 Ill., 534 ; Bellefontain R. Co. vs. Hunter, 33 Ind., 335 ; Anderson vs. R. Co., 54 N. Y., 334 ; Mobile, &c., R. Co. vs. Ashcraft, 48 Ala., 15 ; Luby vs. R. Co., 3 Smith [N. Y.], 731 ; Northwestern Packet Co. vs. Clough, Sup. Ct. U. S., Oct. term, 1874 ; 2 Cent. L. J., 83.)

*Conover & Hicklin,* for Respondent.

NAPTON, Judge, delivered the opinion of the court.

The petition in this case states, that the plaintiff was the owner of fifty-six fat hogs, and that he delivered them to the defendant to be transported from Jackson Station, in Daviess

county, to St. Louis; and in consideration of $70, defendant undertook to transport the said hogs with due speed, and in the usual time, and to use due care and diligence in delivering said hogs in good order and condition, and alleges that said hogs were not delivered at St. Louis in due time or in good condition, but that, by negligence, the cars were detained some twenty or thirty hours over the usual time required, and that, owing to said delay, some of said hogs died, and the others were materially damaged.

The defendant set up various defenses in the answer, but as none of them were attempted to be proved it is useless to recite them.

The plaintiff proved, that the hogs were placed on a car, as stated in the petition, without any special contract between plaintiff and defendant, except as to the price of the car load. Some statements were made by the station agent as to the time usually consumed by freight trains between Jackson and St. Louis. There was evidence to show, that, by reason of negligence and unnecessary delay, several hogs were lost, and the others very much deteriorated when they reached the market in St. Louis. Some evidence was also given in regard to a conversation between the agent of plaintiff and one Wicker, said to be the defendant's general freight agent at St. Louis. Objections were made to the evidence, but overruled. The plaintiff's agent called in company with his commission merchant, after he had sold his hogs, at the general freight office, and was introduced to Mr. Wicker, the superintendent, and thereupon Wicker said it was reported to him that there had been delay in the freight train in which plaintiff's hogs had been transported; that it was behind time, and he requested Mr. Buchanan, the commission merchant, to investigate the facts, which, if as represented to him, he thought the damages ought to be paid and would be paid by the company. An exception was taken to the admission of this evidence.

After the evidence of plaintiff was closed, the court required the plaintiff's counsel to elect as to whether they would

stand on defendant's common law liability as a common carrier, or upon an alleged special contract; upon which plaintiff's counsel said they had no special contract, and elected to stand on the common law liability of the defendant. Thereupon the defendant asked an instruction in the way of a demurrer to the evidence, that plaintiff could not recover. This instruction was refused, and then defendant's counsel requested the court to enter a judgment on the demurrer.

But the court refused to do this, and submitted the case to the jury on these instructions:

1. "If the jury believe that the plaintiff delivered said hogs to defendant, to be by defendant shipped to St. Louis, under an agreement between plaintiff's agent and defendant, that plaintiff was to pay defendant $52 for the shipping of said hogs, and that defendant received said hogs under such agreement, and undertook to ship them to St. Louis with due speed, or in the usual time, in good order and condition, and if they further believe, that in shipping said hogs the defendant, through its negligence or the negligence of its servants, employees, etc., kept said hogs on its road for a longer time than the usual time in so shipping them, and that, in consequence of such delay, said hogs were damaged, the jury will find for the plaintiff."

2. "If the jury find for the plaintiff, they will assess his damages at such sum, not exceeding $250, as they may believe from the evidence said hogs were injured by reason of the failure to deliver the same in the usual time in running their trains from Jackson Station to St. Louis."

The jury found a verdict for $150. The usual motions for new trial, etc., were made and overruled.

There was no demurrer to the petition. If it stated a cause of action, it was wholly immaterial whether it was based on common law liability of a carrier, or on a special contract; nor had the court any right to call for any explanation of the petition from the counsel. The conversation between the judge and the counsel is wholly immaterial.

. The petition was sufficient, and the evidence sustained it, and there was no evidence offered to the contrary.

The instruction given to the jury was manifestly right, and the verdict was supported by the evidence.

In regard to the evidence concerning the conversation with Mr. Wicker, it was clearly not admissible; but we do not think that its admission is sufficient ground for reversing the judgment and ordering a new trial. It was simply irrelevant and wholly immaterial, and as there was testimony before the jury sufficient to justify their finding, it would not subserve the ends of justice to send the case back.

Wicker made no admissions at all; he merely said that reports had come to him that the engineer did not do his duty, and was unnecessarily behind time, and gave an opinion that, if these reports were true, the company ought to pay for the damage done. But he requested Mr. Buchanan to investigate the matter and report the facts to him. Mr. Wicker's opinion was of no more importance than that of any other man, and might well have been excluded; but we cannot see that the defendant was anywise prejudiced by it. The evidence seems to have been introduced merely to show that defendant, or one of its agents, had been applied to for an adjustment of this claim, and a promise made by such agent, that it would be investigated. The evidence had nothing to do with the case.

Undoubtedly, where the evidence is conflicting, and illegal testimony is admitted, which might perchance mislead a jury, we might be required to send the case back for a new trial; but as there was no conflicting evidence, indeed no testimony for the defense offered, and the point relied on is based wholly on the decision of the court on the demurrer, we think it more in accordance with the provision of our statute (Wagn. Stat., 1067, § 33), to let the judgment stand.

The judgment is affirmed. Judges Wagner and Vories absent; the other judges concur.