D. C. McConey, Appellant, v. Solomon Wallace et al., Respondents.

22a 377
31a 90
! 22 377
· 55 553
114m443

Kansas City Court of Appeals, May 24, 1886.

1. Evidence — Lost Instrument — Rule Concerning as to Trial Court.—In the case of the alleged loss of a written instrument, the trial judge is to determine the sufficiency of the proof, under the facts and circumstances of each particular case, that the original document is lost, or otherwise out of the possession of the party offering the secondary evidence. Proof, such as is calculated to reasonably satisfy the mind of the court that the original is lost, and that it cannot be found after search made at the proper place, is all that is required. "The object of the proof is merely to establish a reasonable presumption of the loss of the intsrument, and this is a preliminary inquiry addressed to the discretion of the judge." 1 Greenl. Evid. (14 Ed.) note *b*, p. 118.

2. ———— Damages for Defective Material and Work—Requirements of Rule Concerning—Case Adjudged.—In a claim for damages for defective material and work, the rule of law requires that the evidence must be of tangible facts, upon which the triers can hang a reasonable belief, and from which they may make rational deductions and calculations, and if this is not done, the claimant ought not to recover any substantial damage. *Held*, the evidence in this case *sustains* the claim.

3. Practice—Instructions—Rule Concerning.—Instructions should be refused, predicated of any material fact not in evidence.

4. Contract—Completing Building Within Specified Time—Rule of Damages for Breach.—Where a contract is made to complete a building, named in it, within a specified time, on the breach of such contract, the owner of the building is entitled to recover, as damages, the value of the use of the building, during the time he is so deprived of the use.

5. Practice—Issues—Appellate Courts.—This court will only review such issues as are tendered by the pleadings, and whatever is essential to be proved must be alleged in the pleadings.

Appeal from Jasper Circuit Court, Hon. M. G. McGregor, Judge.

*Affirmed.*

The case and facts are stated in the opinion.

Galen Spencer and O. H. Picher, for the appellant.

I.   Until it is shown that the production of the primary evidence is out of the party's power, no other proof is, in general, admitted.   The existence and execution of the original paper must first be proved, and that it was lost without the party's fault.   1 Greenl. Evid., sects. 84, 558 ; 1 Phill. Evid. (5 Am. Ed.) 218; *Christy v. Cavanaugh*, 45 Mo. 375 ; *Blondeau v. Sheridan*, 81 Mo. 545.

II.   Evidence of damage must be certain, and the damages should not be left to conjecture and speculation, and should be precisely commensurate with the injury. *Marsh v. Richards*, 29 Mo. 99 ; *Fox v. Decker*, 3 E. D. Smith (N. Y.) 150 ; 2 Greenl. Evid., sect. 253 ; *Blanchard v. Ely*, 21 Wend. (N. Y.) 342.

III.   The measure of damages for failure to erect a building according to contract, is what it would "cost to make the building conform to what the builder contracted it should be." *Haysler v. Owen*, 61 Mo. 270 ; *Yeats v. Ballentine*, 56 Mo. 530 ; *Creamer v. Bates*, 49 Mo. 525 ; *Lee v. Ashbrook*, 14 Mo. 379.   Or, "the sum which would command the material and work for making good the defects." *Blanchard v. Ely*, 21 Wendell (N. Y.) 342.

IV.   Where it is agreed that a building shall be erected for $5,500, according to plans and specifications "*to be*" furnished, it is implied that such plans and specifications shall be such as can be reasonably complied with for that sum.   2 Kent's Com. 555 ; 1 Bl. Com. 60 ; 1 Addison Cont. (3 Am. Ed.) 377 ; *Nash v. Town*, 5 Wall. (U. S.) 689.

V.   A surety has a right to stand upon the very terms of his contract.   Any alteration made without his

consent will discharge him. *Miller v. Stewart*, 9 Wheat. (U. S.) 680 ; *Zimmerman v. Judah*, 13 Ind. 286 ; *Grant v. Smith*, 46 N. Y. 93 ; *McKay v. McDonald*, 5 Ala. 388 ; *Taylor v. Johnson*, 17 Ga. — ; *Blair v. Ins. Co.*, 10 Mo. 560 ; 3 Kent's Com. 124.

VI. One of two obligees can release or modify a joint obligation. *Clark v. Cable*, 21 Mo. 223 ; *Henry v. Mt. Pl. Tp.*, 70 Mo. 500 ; *Ryan v. Riddle*, 78 Mo. 521.

PHELPS & BROWN, for the respondents.

I. There was no error in admitting secondary evidence of the contract and specifications. Due search was shown, and the execution of the contract was clearly established.

II. The instructions refused to plaintiff were properly refused. They were predicated on the unfounded hypothesis that the contract and specifications were signed after the execution of the bond (given by the contractor), while the *evidence* showed they were made and signed *prior* to the execution of the bond. One of them was based on no evidence produced at the trial. Another left out of view every other element of loss and damages sustained, except the cost of the house as built, and the cost of a building according to said plans, etc. Defendants are entitled to damages from loss of rents. 2 Sutherland Dam. 482. An instruction which leaves out of view any material fact is properly refused, or if based on a partial statement of facts. *Baranda v. Blumenthal*, 20 Mo. 162 ; *Wyatt v. Ry. Co.*, 62 Mo. 408 ; *Mead v. Brotherton*, 30 Mo. 201.

III. The measure of damages *here* is the difference between its value in its defective condition and its value if completed in compliance with the contract, together with the rental value, during the time defendants were deprived of its use by the breach of contract *as to time*. 2 Sutherland Dam. 482 ; *White v. Brockway*, 40 Mich. 209.

IV. An alteration in a building contract which does

not *substantially* vary the original agreement does not operate a discharge of the sureties. 2 Parson's Cont. 721.

V.    A party having the right to proceed against a surety for delinquency of principal may avail himself of same cause of action by way of counter-claim. *McAdow v. Ross*, 53 Mo. 199; *Sewing Machine Co. v. Saylor*, 86 Pa. 287.

VI.    The finding of the court, on the whole case, was for the right party.

Philips, P. J.—This is an action to enforce a mechanic's lien for material furnished by plaintiff for the erection of a brick store house and opera house. The balance claimed by plaintiff is $1,335.55.

Wallace was the contractor, and the other defendants were the owners. The contract price was $5,500.00, of which the owners paid $4,741.69.

The contract was reduced to writing and signed, and the contractor gave bond, with the plaintiff as one of the sureties, for the faithful performance of the contract. The defendant owners, by way of counter-claim, set up in their answer the foregoing facts, and alleged that Wallace, the contractor, had not kept and performed his said contract; that both the materials furnished and work done did not come up to the requirements of the contract, in many particulars specified, and that the building was not completed for two months after the time agreed upon for its delivery to them, whereby they lost the use and rent thereof; and that, by reason of the premises, they were damaged in the sum of $1,865.00, for which they asked judgment.

The reply set up, that by the agreement, the plans and specifications referred to in the answer were to be such as could be reasonably carried out and complied with for the sum of $5,500.00; whereas, the plans and specifications furnished by defendants, and in accordance with which the building was erected, were such that the work done and materials furnished necessarily cost,

and were reasonably worth, seven thousand dollars. The reply then undertook to present the issue that the contract, after its execution, was so altered by agreement between Wallace and the defendants, as to operate as a discharge of the plaintiff as surety thereon.

Trial by jury was waived. The court, sitting as a jury, found the issues for plaintiff as against the contractor Wallace, and for the other defendants that plaintiff take nothing by his action.

From this judgment plaintiff has appealed.

I.   The first error assigned by appellant is that the court improperly admitted secondary evidence of the contents of the written contract without having sufficiently accounted for the absence of the written instrument. The evidence of defendants showed that the contract was executed, and had been in the possession of some of them during the time the work was progressing. In whose possession it was, when last seen, was not clear; but none of them had it at the time of the trial, and they could not find it, after search.

The rule in this respect is that the trial judge is to determine the sufficiency of the proof, under the facts and circumstances of each particular case, that the original document is lost, or otherwise out of the power of the party offering the secondary evidence. Proof, such as is calculated to reasonably satisfy the mind of the court that the original is lost, and that it cannot be found, after search made at the proper place, is all that is required. "The object of the proof is merely to establish a reasonable presumption of the loss of the instrument, and this is a preliminary inquiry addressed to the discretion of the judge." 1 Greenl. Evid. (14 Ed.) note *b*, p. 118; *Ib.* sect. 558; *Christy v. Cavanaugh*, 45 Mo. 377.

We hold that the proof offered by the defendants complied with the rule.

II.   It is next objected that the evidence introduced by defendants, touching the character and extent of the damages sustained by reason of the defective material

·and work, was too indefinite to entitle the defendants to .more than nominal damages.

There. is no question but the rule of law requires that the evidence, in such case, must be of tangible facts, upon which the triers can hang a reasonable belief, and from which they may make rational deductions and calculations. And if the party upon whom rests the burden of this proof leaves the jury to grope wholly in the dark, or to mere conjecture, he ought not to recover any substantial ·damage. If the court credited the witnesses for the defendants, and we are to presume that it did, its conclu-·sion was not drawn from intangible statements, or based on mere conjecture.

The plaintiff claimed a balance of $1,335, while the defendants claimed damages to the amount of $1,865. From the defendants' proofs we find the following statements of witnesses: "I'd rather have the materials on the ground than the building as it is." "The general .appearance of the building indicated something wrong .about it, and that it was not a first-class job." (The contract called for first-class material and work). "The ·specifications were not complied with in many particulars; material and workmanship were very inferior." ·The witness, who furnished the tin and helped to put it ·on, testified: "The decking was very poor, of rotten boards, of uneven thickness, wouldn't hold nails, and had lime and mortar on them; ten per cent. of the decking was rotten. I suppose as many as ten knots came ·out." "I am a carpenter. The east side of the floor looked to me like it was about three inches lower than the center. The floor is very badly built of wind-shaken lumber. I think it was as ornery a job as I ever saw. I .don't see any first-class material, the workmanship is very poor, the wall was not plumb, no anchor, roof not :sufficient. There isn't anything good there at all. The. way the building is it isn't worth anything. I wouldn't have it. It is worth $2,000, yes, $3,000, less than it would have been if built according to the specifications."

Aylor, one of the defendants, testified: "No part of the building was done according to the contract, except the brick; the building was not completed until two months after the time agreed upon; they could have rented it, and were offered seventy-five dollars a month by the year, and I consider we were damaged $1,500 by reason of failure of the contractor to comply with the specifications. I have done a little carpenter work, not much."

Defendants' evidence was that the wall called for in the contract was to be a slushed wall, and that the wall built was not so slushed, and that it would cost five hundred dollars more to build such a wall.

In view of this evidence the conclusion of the court that the plaintiff recover nothing of the defendants, or, in other words, that their damage amounted to $1,335, was well warranted, accepting the truth of the statements; and the trial court was the sole judge of the weight of the evidence and the credibility of the witnesses.

III. The only remaining question, arising properly on this record, is as to the action of the court in giving and refusing instructions. The defendants asked no instructions. Those given by the court were at the instance of the plaintiff, and, of course, he cannot complain of these. Did the court err in refusing to grant others asked by the plaintiff?

The fourth instruction refused declared, *inter alia*, that the opinion of witnesses as to the market value of such a building is incompetent. There was no testimony on which to base this declaration. Instructions should be refused predicated of any material fact not in evidence.

The instruction is further faulty in that it limits any damages to which the defendants might be entitled to such sum as would represent the difference between the cost and value of the building, as actually built, and the reasonable cost and value of one built according to contract. It wholly ignored the issue, made in the answer and supported by the proof, respecting the failure of the

contractor to complete the building within the time spec-ified in the contract.

On the breach of such contract the owner of the building is entitled to recover as damages the value of the use of the building, during the time he is so deprived of the use.   *Shouse v. Neiswaanger*, 18 Mo. App. 236, 246.

That an instruction is properly refused, which limits the right of recovery by excluding such issue, has been so repeatedly held by the appellate courts that the adjudications need not be cited.

The fifth and sixth instructions refused may be considered together.

They assert, in substance, that, under the provisions of the bond, the plans and specifications were to be thereafter submitted by the defendants to the contractor, and that the contractor would be held to a compliance with such plans and specifications only as could be performed and executed for the sum of $5,500.

In the first place defendants' evidence tended to show that the plans and specifications were already agreed upon in the contract at the time the bond was executed, and I do not find any contradiction of this evidence in the record.   Be this as it may, we cannot accede to the proposition of law contained in this instruction.   It may be conceded that where a contractor signs a contract to build according to plans and specifications thereafter to be furnished by the other party, without more, the law would imply that such plans should be so far reasonable in their specifications as not to be out of all just proportion and relation to the intention and understanding of the parties.   And if such disproportion should appear when the plans and specifications were presented the contractor might be justified in refusing to accept them, and going on with the work.

But, under the facts of this case, we do not think the plaintiff ought to escape his guaranty on this account. The evident undertaking and understanding of the par-

ties was, that, as the contractor possessed skill and experience in such matters, the plans, etc., were to be submitted to him: He could judge for himself of the just relation of the specifications to the building contemplated in making the contract. No objection appears to have been made by him to them when they were presented; but, on the contrary, he accepted them, and entered upon the performance of the contract, and claimed at this trial that he had kept and performed them. To hold, therefore, that, forsooth, after the contractor had thus accepted the plans and performed his work to his own satisfaction he could escape the limitations of his contract, because it had cost him one thousand dollars more to complete it than he supposed, would practically destroy the force and protection of positive contracts, based alone on mistaken judgment in driving a bargain. The plaintiff would hardly contend, we apprehend, had the material and work cost less by one thousand dollars than defendants calculated on in the contract, that the contractor could not hold them to the letter of their obligation to pay the contract price in full.

IV. It is finally claimed by appellant that the contract, after its execution, was so altered by the contractor and defendants as to discharge the plaintiff as such surety. We are relieved of the necessity of reviewing this question on its merits, because no such issue was tendered by the plaintiff in his reply. The reply, as set out in the abstract, does not allege that the imputed alterations were made without plaintiff's consent. This lack of consent is of the very essence of the surety's ground of discharge. Without such proof the plaintiff had no case on this issue to submit to the jury, and if essential to be proved by him he must allege it in his pleading. This is well settled.

The verdict and judgment seem to be well supported by the evidence, and we will not disturb it. The other judges concurring, the judgment of the circuit court is affirmed.