STATE OF MISSOURI EX REL. COLE, Respondent, v. JOHN SHOBE ET AL., Appellants.

Kansas City Court of Appeals, December 6, 1883.

1. PRACTICE — EXCEPTIONS, WHEN WAIVED.— All exceptions not brought to the attention of the trial court in a motion for a new trial are deemed *waived*.

2. —— TRIAL BY COURT—INSTRUCTIONS.—Where the case is tried by the court, without the intervention of a jury, this court will pay but little regard to the action of the court in giving or refusing declarations of law, except in so far as they indicate the theory upon which the court tried the case.

3. ATTACHMENT—SUIT ON BOND—EXPENSES.—In a suit upon bond in attachment, the relator is entitled to recover, on the bond, for any direct loss, damage, or expense produced or occasioned, and this will include traveling expenses in attending to the attachment suit.

APPEAL from Bates Circuit Court, HON. JAMES B.. GANTT, Judge.

*Affirmed.*

The case is stated in the opinion.

M. A. FYKE, for the appellants.

I.    The court erred in striking out the amended answer of defendants, Shobe and Johnson, and the separate answer of Johnson.    Sects. 3521, 3522, Rev. Stat.; *Ashby v. Shaw*, 82 Mo. 76 ; *Dyas v. Hanson*, 14 Mo. App. 363.    The insolvency and non-residence of plain- tiff alleged in the answer and admitted by the motion, afforded sufficient grounds for entertaining the answer as an equitable set off.    *Barnes v. McMullins*, 78 Mo. 260 ; *Field v. Oliver*, 43 Mo. 200 ; *Fulkerson v. Daven- port*, 70 Mo. 541.

II.    The court erred in the admission of testimony as to attorney's fees *paid* by plaintiff, and as to the amount of traveling expenses paid by him.    His own evidence showed that he was at the time a resident of Moniteau county, Missouri.    Also in admitting deposi- tions of a witness as to his attendance on the trial and the expenses thereof, and the payment of the same by plaintiff.    Defendants could not be held liable for such expenses.

III.    The court erred in refusing defendants, instruc- tions involving important issues, and justified under the law applicable to this case.

MOORE & WILLIAMS, for the respondent.

I.    The new matter in the amended answer was properly stricken out.    The granting of amendments is always discretionary with the trial court.    *Ensworth v. Benton*, 67 Mo. 622.    The matter stricken out consti- tutes no defence, and is not pleaded as a counter-claim, but as a defence.    *Kinney v. Miller*, 24 Mo. 516 ; Bliss

Code Plead. sect. 367; *Bates v. Rosekrans*, 37 N. Y. 410; *Stowell v. Eldred*, 38 Wis. 614. The matter stricken out was contradictory to and inconsistent with the general denial. To entitle defendants to any off-set, they must admit in the answer a cause of action upon the attachment bond. Sect. 409, Rev. Stat.; *Fugate v. Pierce*, 49 Mo. 441. The matter set up is unliquidated damages sounding in tort, and does not grow out of this action. *State ex rel. v. Eldridge*, 65 Mo. 584; *Johnson v. Jones*, 16 Mo. 494; *Pratt v. Menkins*, 18 Mo. 158; *McAdow v. Ross*, 53 Mo. 199; *Field v. Oliver*, 43 Mo. 200.

II. The motion for a new trial does not make this point, the striking out of answers. *McCord v. Railroad*, 21 Mo. App. 92.

III. There was no error in the admission of evidence. The damages claimed were reasonable, and the court made its finding from a consideration of all the evidence. Drake Attachments, sects. 175, 176. It was the right of plaintiff to abandon his residence in Missouri for one in Kansas, and to give up his intent to return to this state, as he had done before the case was tried. Even a witness could do that and recover mileage. His traveling expenses were properly included. *State to use, etc., v. Beldsmeier*, 56 Mo. 226.

IV. Defendants are responsible for interest to the relator, and they have nothing to do with his claim against other parties. *State, etc., v. Beldsmeier, supra.*

HALL, J.—John Shobe and J. M. Johnson, as partners under the firm name of Shobe and Johnson, brought suit by attachment against P. B. Cole, on a contract respecting the caring for and the feeding of certain cattle owned by Shobe and Johnson. The ground of attachment was non-residence. The usual bond was given by Shobe and Johnson with their co-defendants in this action as surety. Cole did not file a plea in abatement, but pleaded to the merits with the result that Shobe and

Johnson took a non-suit. After such termination of the attachment suit Cole, in the name of the state, instituted this action against Shobe and Johnson and their surety on the attachment bond.

The surety, Collins, made as his separate answer to the petition a general denial. Shobe and Johnson filed a joint separate answer. Said answer contained a general denial, and next set up what is denominated by counsel for defendant an equitable set-off, growing out of the contract on which the attachment suit was based. The special defence thus pleaded was stricken out by the court on the motion of plaintiff, and need not be noticed further by us, for the reason that the action of the court in respect of it was not set up in the motion for a new trial as one of the reasons therefor. And we may make the same remark concerning the special defence, of the same character, set up in the separate answer of the defendant, Johnson, which was also stricken out by the court. "All exceptions not brought to the attention of the trial court in a motion for a new trial are deemed waived." *McCord v. Railroad*, 21 Mo. App. 93, and cases cited; *Fox v. Young*, 22 Mo. App. 386; *Putnam v. Railroad*, 22 Mo. App. 592.

Against the defendants' objections the court permitted Cole to testify to the amount expended by him in procuring the attendance of two witnesses from Kansas at the trial of the attachment suit. The relator admitted that the depositions of such witnesses had been taken and were on file in the court, in which the attachment suit was tried. And on this question the court declared the law to be that if such were the facts the relator could not recover on account of the expense of procuring the attendance of said witnesses. The defendants were not injured by the admission of said testimony. And we need not consider the objections made to its introduction.

The attachment suit was begun on September 22, 1882; the non-suit was taken on April 15, 1834. W. M.

Doyle, who owed Cole about $940, was garnisheed; no other property was attached. The court permitted the relator to testify to the amount paid by him to his attorneys for collecting the Doyle debt. Doyle died during the pendency of the attachment suit. After the termination of the attachment suit the relator, as he himself testified, assigned the claim against Doyle to one of his attorneys for collection and to secure their fee. The court upon this question, at the request of the defendants, declared the law to be that if the relator had assigned said claim to one of his attorneys before the same was probated, then relator could not recover attorney's fees for collecting said claim from the Doyle estate. The court under said declaration of law and the evidence could not have allowed the relator anything on account of said attorney's fee, and, hence, the testimony relating thereto did the defendants no harm.

The defendants introduced a certified copy of the claim as made out and presented to the probate court for allowance against Doyle's estate. It was thus shown that on April 17, 1884, Cole assigned said claim for value received to John W. Moore, who was one of his attorneys. It was also made to appear that interest from September 16, 1882, to May 1, 1884, amounting to $8.40, was asked and allowed on said claim. The court was asked by the defendants, but refused to declare the law to be, "that, if Moore, to whom the claim against Doyle was assigned, made claim for interest to the amount of $8.40 in the probate court, and that said amount was allowed as interest from September 16, 1882 to *May*, 1884, then the relator cannot recover interest on account of the attachment of said money in Doyle's hands."

This case was tried by the court without the intervention of a jury, and we shall pay but little regard to the action of the court in giving or refusing declarations of law except in so far as they indicate the theory upon which the court tried the case. While the garnishment remained undisposed of the money due from Doyle to

Cole was in the custody of the law. The garnishment
had the effect to prevent the garnishee from paying his
debt to Cole. During the pendency of the attachment
suit said debt, which was a debt due on an account, did
not draw interest. The loss of such interest constituted
one item of damages recoverable in this action. *State
to use v. Beldsmeier et al.*, 56 Mo. 227. Interest during
such time Doyle did now owe, and, hence, the assign-
ment of the claim against Doyle did not carry such in-
terest with it. It does not clearly appear for just what
time the claim for interest was made and allowed, but it
certainly was not for the nineteen months during which
the attachment suit pended. Not only did Doyle not
owe interest for said period of time, but the interest for
said time was many times larger in amount than the
sum of $8.40. Every intendment should be made by us
in favor of the action of the circuit court. The time
mentioned, for which the claim for interest was made,
extended beyond and past the time at which the attach-
ment suit terminated, and presumably was allowed for
some time subsequent thereto. But in any event, the
assignee of the claim against Doyle was not entitled to
the interest on the claim for the time during which the
attachment suit pended. The court properly refused the
declaration of law asked. If, as the relator testified,
he lost the interest on said claim for said time, it would
have been proper for the court to have allowed such in-
terest at the rate of six per centum per annum as damages
in favor of the relator.

The court permitted the relator to testify to the
sums paid by him to his attorneys for defending against
the attachment suit. The defendants objected to such
testimony, for the reason, among others, that the relator
could only recover what were reasonable attorney's fees
and not what he paid. The relator afterwards intro-
duced evidence as to what were reasonable attorney's
fees for the services rendered by the relator's attorneys
in the attachment suit; and the defendants also intro-

duced evidence in relation thereto. This mode of proof was proper.

At the time of the institution of the attachment suit the relator was a citizen of Missouri, but was temporarily residing in Barber county, Kansas, with his family, where for a time they lived in a tent, engaged, as it appears, in caring for and grazing cattle. The court permitted the relator to testify to the number of trips made by him from his temporary residence in Kansas to Missouri to attend to the attachment suit, and the amount expended by him in so doing. The defendants, upon this question, asked and the court refused to declare the law to be, "that if the court finds from the evidence that defendant at the time the suit was brought was a resident of Moniteau county, Missouri, and afterwards removed to Barber county, Kansas, he cannot recover traveling expenses from said Barber county in attending said cause."

The action of the court in the respect last named was correct. The relator "was entitled to recover on the bond for any direct loss, damage, or expense produced or occasioned" by reason of the attachment, or any process or proceeding in the suit, or by reason of any judgment or process thereon." *State to use v. Beldsmeier et al., supra.* This language is sufficiently comprehensive to include the sums expended by him in attending the attachment suit under the facts in this case. It is not necessary to consider the declaration of law as an abstract proposition of law. There was no evidence to support or warrant it. No one testified upon this subject, so far as it appears from the abstract of the record, except the relator himself. He considered Missouri his home, at the time the attachment suit was begun, but was in fact then living in Kansas. The relator was entitled to recover the amount expended by him in attending the attachment suit under such facts.

It may be that the court should not have allowed the relator the entire amounts expended by him in going from Kansas to the place of trial, for the reason that

during his visits to Missouri he seems to have attended to other business than the attachment suit. But it does not appear from the record that the court did allow such entire amounts. On this point no declaration of law was asked or given. We assume, the contrary not appearing, that the court made such allowance as was reasonable and just.

We find no error in the record. The judgment is affirmed. All concur.