FREDERICK ABEL et al., Respondents, v. JOAB STRIMPLE et al., Appellants.

St. Louis Court of Appeals, May 8, 1888.

1. EVIDENCE, SECONDARY.—Where it is known that a paper once existed, and a diligent but unsuccessful search has been made for it in the place where it was most likely to be found, there is no error in permitting a witness who has had the paper in his possession and is familiar with its contents, to testify as to the subject-matter thereof.

2. WITNESS—REFRESHING MEMORY.—A witness who assisted in making out a writing, and who knows that its statements were true when made, may refresh his memory from such writing, although he has no independent recollection of all the facts therein appearing.

3. PRACTICE, APPELLATE—INADMISSIBLE EVIDENCE. — A judgment will not be reversed because of the admission of evidence inadmissible by law, when such incompetent evidence is confirmed by all the other testimony, and its exclusion could not have had a tendency to produce a different result.

APPEAL from the St. Louis Circuit Court, HON. DANIEL DILLON, Judge.

*Affirmed.*

KRUM & JONAS, and TAYLOR & POLLARD, for the appellants: The court erred in allowing Hellmers to testify touching the contents of the specifications. It is fundamental law, that the specifications are the best evidence of their own contents. Unless and until shown that they could not be had, all oral evidence of their contents was incompetent. No diligence to produce them was shown, nor evidence that they could not be found. *Benton v. Craig,* 2 Mo. 200 ; *Barton v. Murrain,* 27 Mo. 235 ; *Forcht v. Short,* 45 Mo. 377 ; 1 Greenl. on Evid., sec. 588. Where there is no sufficient evidence of sale and delivery of goods, and it is sought to supply this by memoranda, nothing short of the original books of entry of the tradesman will do. *Ludwig v. Lyon,* 8 Mo. App. 567 ; *Hoskins v. Atkins,* 77 Mo. 539. A mechanic's lien can be had only for the material which actually goes into the construction of the building. *Fitzgerald v. Thomas,* 61 Mo. 501 ; *Simmons v. Carrier,* 60 Mo. 582 ; *Schulenberg v. Prairie Home Inst.,* 65 Mo. 295 ; *Deardorff v. Everhartt,* 74 Mo. 37. And though the material was sold and delivered to the building, and for the building, nevertheless, no lien can be had against the building therefor, unless it actually enters into its construction. See cases cited above. The statute requires definite evidence as to the amount of material which goes into a building, in order to make the same the basis of a lien. Guessing and conjecturing is not sufficient evidence as to quantity. *Schulenberg v. Vrooman,* 7 Mo. App. 136 ; *Lewis v. Logan,* 7 Mo. App. 592. Where there is no

evidence to support certain items in a mechanic's lien, it is the duty of the court, by instructions, to take such items from the jury. The court erred in refusing the instructions of appellants upon this point. The court erred in allowing exhibit B, filed with the petition, to be read in evidence, as showing the amount of material furnished by plaintiffs. The evidence utterly failed to show that it was a just and true account thereof.

Rudolph Schulenberg, for the respondents: The circuit court did not err in admitting in evidence the copy of the specifications. *Strain v. Murphy*, 49 Mo. 337; *Barton v. Murrain*, 27 Mo. 235; *Christy v. Cavanaugh*, 45 Mo. 375; *McConey v. Wallace*, 22 Mo. App. 377; 1 Greenl. on Evid., sec. 588. The court did not err in allowing witness Honig to refresh his memory by using the memorandum called exhibit B. 1 Greenl. on Evid., sec. 436; *Wernwag v. Railroad*, 20 Mo. App. 473; 1 Greenl. on Evid., sec. 38; *Taussig v. Shields*, 26 Mo. App. 325; *Smith v. Beattie*, 57 Mo. 281; 1 Greenl. on Evid., sec. 438; *Dugan v. Mahoney*, 11 Allen (Mass.) 572; *Queen v. Langton*, L. R., 2 Q. B. Div. 296. But the evidence given outside of the testimony of witness Honig was sufficient to warrant the verdict of the jury; the evidence as contained in the memorandum was merely cumulative, was not conflicting, and there was no evidence offered by the defendants, and, therefore, the judgment must be allowed to stand. *Ridgeway v. Kennedy*, 52 Mo. 24. "Where evidence, which is not strictly admissible, is yet confirmed by all the evidence in the case, and its exclusion could not have had a tendency to produce a different result, the judgment will not be reversed." *Tuggle v. Railroad*, 62 Mo. 425.

Peers, J., delivered the opinion of the court.

This is a suit brought by subcontractors to enforce a mechanic's lien against certain property of defendant Harriet Beers.

It seems that J. Strimple & Son contracted with

Harriet Beers and George Beers, her husband, to erect for them an addition to their hotel in the city of St. Louis, and the plaintiffs contracted with Strimple & Son to furnish at an agreed price the plumbing, sewering, and gas-fitting for the building. Rosenblatt and Obear, being the holders of incumbrances on the property, are made parties defendant.

The petition is in the usual form. The original contractors were brought in by publication; the other defendants were personally served, and appeared and filed a general denial for an answer. The trial in the lower court resulted in a judgment sustaining the lien, from which the defendants appeal.

Under the contract between plaintiffs and J. Strimple & Son, the plumbing, sewering, and gas-fitting had to be furnished at the agreed price of thirty-two hundred and twenty-five dollars, of which fifteen hundred dollars had been paid, leaving a balance of seventeen hundred and twenty-five dollars. The lien, being a subcontractor's lien, had to and does specify in detail the several items of material and work furnished under the contract, together with the respective marketable prices as to each item, the total amounting to $3,471.80, for which reason a voluntary credit of $246.80 was given in the lien.

The evidence of plaintiffs contained in the record is voluminous, while the defendants offered no evidence whatever.

The points relied upon for reversal, and to which the exceptions of defendants are directed, are the admission of certain evidence on the part of the plaintiffs and to the sufficiency of the evidence to warrant the verdict of the jury, and the refusal of the court to give certain instructions offered by the defendants.

Taking these questions as they are presented, it first becomes important to examine closely the evidence preserved in the bill of exceptions and objected to by defendants.

The first witness on behalf of the plaintiffs was

Hellmers, the architect, who, being requested to produce the specifications, testified that they could not be found, that search had been made for them, that he had charge of them, and, on the return from the previous trial, he had placed them with other papers in his office, but, after searching every place in his office, they could not be found. The witness was then permitted to make the general statement that the specifications contained a general description of the plumbing and gas-fitting work, location, fixtures, and gas, but the description itself and the contents of the specifications were not testified to by the witness.

This testimony is objected to by the defendants, and the trial court is charged with error in permitting the same to go to the jury on the ground that it is not the best evidence. It is a well-settled principle that the writings, *i. e.*, specifications, are the best evidence of their own contents, and unless it was shown that they could not be had, all oral evidence of their contents is incompetent. "Where there is no ground for suspicion that a paper is intentionally withheld, and there is no apparent motive for deception, the courts are very liberal in regard to secondary evidence." *Barton v. Murrain*, 27 Mo. 237.

In this case it seems from the evidence that the paper once existed, and that a diligent but unsuccessful search had been made for it in the place where it was the most likely to be found. We think that sufficient diligence was shown to justify the court in permitting the witness to state that these specifications contained a general description of the plumbing, gas-fitting work, etc. *Strain v. Murphy*, 49 Mo. 337; *McConey v. Wallace*, 22 Mo. App. 377.

Defendants insist that the court erred in permitting the witness Honig to refresh his memory by using a memorandum called in the record exhibit "B." The exhibit was not offered and admitted in evidence, but the witness was allowed to use the same while testifying. It was a paper in the handwriting of Gerhard, one of

the plaintiffs, compiled by him and witness Honig, they sitting together, from a number of "charging slips," containing all the material furnished, and which "charging slips" had been made by witnesses Honig and Kelley, and were destroyed after said paper exhibit "B" was compiled. Witness Honig had personal knowledge of the materials, he sending them out to the building, according to certain memoranda then made, and foreman Kelley afterwards reporting to him the exact amount of the fixtures and the measurement of the material as actually used in the construction of the building, and which reports of Kelley, after being compared with the memoranda, were then embodied by the witness Honig in the above-mentioned charging slips.

We can see no force in the objection to the witness using the memoranda as he did in this case. "It is a well-settled rule that a memorandum may be used to refresh the recollection of a witness, though he has no independent recollection of the facts stated in it, if he recollects having seen it before, and that he knew the contents to be true." 1 Greenl. on Evid. 437; *Wernwag v. Railroad*, 20 Mo. App. 473. But the memorandum must be produced in court in order that the other party may cross-examine, which in the case at bar was done.

"Where evidence which is not strictly admissible is yet confirmed by all the evidence in the case, and its exclusion could not have had a tendency to produce a different result, the judgment will not be reversed." *Ridgeway v. Kennedy*, 52 Mo. 24.

There was no evidence offered by the defendants in this case, and hence the rule, "where evidence is conflicting and illegal testimony is admitted the judgment should be reversed," does not apply, but the contrary rule that, "where there is no conflicting evidence, and no evidence offered on the part of the defendant, and the testimony was of such a nature that it does not seem that the party could have been prejudiced by it, the

judgment will be allowed to stand," is the one applicable to this case.   *Tuggle v. Railroad*, 62 Mo. 425.

Referring to the authorities cited by the defendants on this point we desire to say that upon an examination we do not think they apply to the facts and points in issue in the case before us.   In *Ludwig v. Lyon*, 8 Mo. App. 567, the books were not offered, but an exhibit said to be a copy of the ledger account; there was also evidence that the salesman who was testifying did not make all the sales set out in the exhibit, nor know of the delivery, and there was no evidence that the books could not be produced; under these circumstances the exhibit was held inadmissible.

In the case at bar the witness Kelley saw all the materials used in the house.   The "charging slips" were destroyed and exhibit "B," from which the witness refreshed his memory, was the only original entry about the materials.

Now as to the giving and refusing of instructions. When the plaintiffs closed their case the defendants, without offering any evidence, asked the court to give a number of instructions, which were properly refused for the reason that none of them were justified by the facts as disclosed in the evidence.

The case seems to have been fairly tried; the evidence justified the finding, and the judgment will, with the concurrence of the other judges, be affirmed.