BERNARD DENGLER, Respondent, v. ANDREW AUER. *et al.*, Appellants.

St. Louis Court of Appeals, December 19, 1893.

1. **Stated Account :** BUILDING CONTRACT    When the parties to a building contract have agreed upon the amount due for a specific portion of the work, and the one who owes the amount thus agreed upon has paid it in accordance with the terms of the settlement, the other is debarred from making any further claim for the work.

2. **Building Contract, Breach of:** MEASURE OF DAMAGES. When there is a breach of an agreement by a contractor to erect a building within a stipulated time, the value of the use of the building, while the owner is delayed in its occupancy by the fault of the contractor, is recoverable as damages.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

REVERSED AND REMANDED.

*Lubke & Muench* for appellants.

(1) Plaintiff having received from defendants the sum of $200 after any indebtedness was denied by defendants, and upon a written agreement that this covered all millwork in the building, it was error for the court below to allow a lien of $254 for this work, as as it did by its declarations of law. Plaintiff was estopped from making such claim. Phillips on Mechanics' Liens, secs. 272, 273. The transaction amounted to a settlement between the parties at least of the item of millwork, and must stand as the parties adjusted the same. *Marmon v. Waller*, 2 Mo. Leg. News, 538.

(2) The contract provided a penalty or measure of damages for delay in completing the building. The great weight of evidence was to the effect that defendants were able to occupy the building only on July 2, instead of May 1, 1892, as stipulated. The price fixed by the contract was $5 per day. In the absence of countervailing evidence this sum should be the measure of damages, and the court erred in refusing any declaration of law on this subject. *McConey v. Wallace*, 22 Mo. App. 377.

*Rassieur & Schnurmacher* for respondent.

BOND, J.—This action was brought for balance due for work and material furnished in the construction of a building belonging to the appellant, and the enforcement of a mechanics' lien therefor.

The defense was that the house was built under a written contract for a specific amount; that this contract was subsequently modified, whereby it was reduced to the sum of $1,626; that the respondent, having broken this contract in various particulars, on August 8, 1892, had an accounting with the appellants and a settlement of all contested claims between them, whereupon appellants paid the respondent the sum of $200 in cash, which was received in full discharge of all claims against them on said contract. For a second defense the answer set forth the particulars in which respondent had broken said contract, and asked a recoupment in the sum of $943.02.

The case was tried before the court sitting as a jury, which rendered judgment in favor of the respondent for $400.13, and in favor of the appellants on their counterclaim for $72.80, leaving a balance of $327.33 in favor of respondent, for which a lien was established against the property of the appellants. On

appeal from said judgment, the errors assigned are:
*First.* That the court found for the respondent according to the wall measurements pointed out by section 8863 of the Revised Statutes, 1889. *Second.* That the court erred in allowing a lien in excess of $200 for millwork on the building. *Third.* That the court erred in not upholding the counterclaim of the appellants for work and material not furnished by the respondent, and in not declaring the law as to the measure of damages to which the appellants were entitled for delay of respondent in completing the building; and that the court erred in the reception of evidence, and in not limiting its finding to the measurements made by Mr. Hill under the agreement of the parties.

The contract for the building required it to be completed on or before May, 1892, under the penalty of $5 forfeit for delay, not unavoidable or caused by appellants, each day thereafter.

The evidence was conflicting as to the time of the completion of the building, the testimony ranging from April to August, 1892. The respondent testified that certain changes were made in the specifications, and as to the omission, by agreement, of the painting (amounting to $292) required under the contract; and that the value of the work and material that went into the building was $1,626.

For the purpose of securing evidence as to the number of bricks used in the building the parties entered into the following agreement: "And it was agreed by both parties that Mr. J. W. Hill, a professional measurer, shall take the measurements of the actual brick that went into said improvement, and submit them to the court at the close of the case. The report of the number of bricks made by Mr. Hill under this agreement, if calculated at the prices charged by the respondent in his account, would tend to prove that

respondent had overcharged the appellants $97.45, and had also overcharged them for laying more brick than actually furnished (according to this report) the sum of $58.94.

Witness Krah testified that a larger number of brick than reported by Mr. Hill, but a lesser number than set forth in respondent's account, went into the building.

The evidence also tended to prove that on the eighth day of August the parties discussed the matter of a settlement, when the following order was drawn, and the following receipts were executed:

"St. Louis, August 9, 1892.

"*Mr. A. Auer:*—Please pay to A. Kuenzel for all mill work furnished for your annex, in full, two hundred dollars ($200).

"(Signed)          B. Dengler."

This order was paid by Mr. Auer on August 12, 1892, and receipted for by A. Kuenzel, as follows:

"Received of Mr. A. Auer, in full for all mill work furnished for the annex, carving included."

And on the giving of this order, and Mr. Auer's promise to pay it, Dengler gave Auer the following receipt:

"Received, St. Louis, August 8, 1892, from Andrew Auer $200 for millwork, lumber and material furnished and delivered, at, in or about premises on Rappahannock street and Grand avenue, including all services and repairs, also for labor paid."

The testimony of the parties as to this transaction was conflicting: Respondent stated that his receipt was given, as above, so that "all those subcontractors" could make no claim against the building. On the other hand, appellant Auer stated that the order was given, and the receipt taken, for the purpose of

discharging all the liabilities on the building contract by the payment of the amount ($200) of the order.

There was no evidence of measurements of the building, so as to apply the statutory rules for computation of the brickwork. Respondent's accounts for the reasonable value of the article sued for showed an aggregate charge of $16.26, being the exact price fixed in the contract, after deducting the agreed sum of $292 to cover cost of painting to be done by appellants. The above aggregate of respondent's charges included items for millwork as $254.

We cannot see, under this state of the record, any basis for the first assignment of error. The appellants concede that no evidence of the dimensions of the building was adduced for the purpose of ascertaining the brickwork according to the statutory rule. Revised Statutes, 1889, section 8863. The court could not in the absence of such evidence reckon the wall measurements by the statutory process, and, therefore, committed no error in declining the declaration of law tendered by appellants, to the effect that the statute in question had no application in this case. If there had been sufficient evidence of the *data* prescribed by the statute for calculating *wall* measurements, it would have been competent for the court to resort to the statutory rule, even if there had been no reference to it in the pleadings. The filing of a lien account for the material embraced in the statute necessarily implies its application. *Doyle v. Wurdeman*, 35 Mo. App. 330.

The second assignment of error is based upon the refusal by the court of the following declaration of law, requested by appellants:

"2. As to the millwork the court declares the law to be that, if the defendants received the order of plaintiff read in evidence, and paid the mill owner the amount of $200, mentioned therein, on the faith of the

language of said order and the receipt written thereon, then plaintiff cannot now recover a lien herein allowing for such mill work in excess of a price of $200."

This declaration of law was based upon the theory of the evidence presented by the testimony of Auer, to the effect that there was a settlement in conformity with the recitals in the order and the mill owner's receipt, which discharged both his claim and all claim of respondent for any balance due on the building. The declaration of law presented this view of the evidence, was supported by substantial testimony, and was aptly framed; and its refusal was error.

The court did not err in refusing the declaration of law requested by appellants as to their counterclaim for delay, because it was erroneous in form, in that it assumed a fact. On a retrial a proper instruction on this subject should be given.

The law is that for a breach of a contractor's stipulation to build in a certain time, the value of the use of the building, while the owner is delayed in its occupany by the fault of the contractor, is recoverable as damages. *Shouse v. Neiswaanger*, 18 Mo. App. 236; *Ruff v. Rinaldo*, 55 N. Y. 664; *McConey v. Wallace*, 22 Mo. App. 377.

These conclusions involve the reversal of the judgment of the trial court, which is accordingly done, and the cause remanded. All concur.