Luke McLaughlin, Respondent, v. Chris. Scha-
wacker *et al.*, Appellants.

St. Louis Court of Appeals, June 5, 1888.

1. Mechanic's Lien—Lumping Charge. — An account filed for a
mechanic's lien is not open to the objection that it makes a lump-
ing charge, when it itemizes the charges according to the kinds of
brick in the work and the number of each kind used.

2. Mechanic's Lien—Account.—A mechanic's lien account which
contains a debit and a credit f or the same item does not, therefore
fail of being a just and true account, when the evidence shows
that the item does not involve either a final debit or credit, and
might, without affecting the rights of either party, have been left
out of the account altogether.

3. Mechanic's Lien—Verdict.—It is no objection to a verdict declar-
ing a lien, that improper items which are omitted from it are
included in the personal findings against defendants who are not
affected by the lien, and who have not appealed.

4. Mechanic's Lien—Objectionable Items.—A lien account is not
vitiated by the fact that it contains items which are not included
in the contract, when such items would be lienable if covered by
the contract, and are severable from those within the contract.

5. Mechanic's Lien—Request of Owner.—It is not necessary in a
suit by a subcontractor to aver in the petition that the materials
were furnished or the labor performed upon request of the owner
of the property.

6. Practice—Improper Remark by Court.—An objection that the
court made an improper remark to the jury is not available on
appeal, when it was not presented below in the motion for a new
trial.

7. Practice—Amended Petition—Notice.—Parties already in court
by sufficient service are not entitled to special notice or service of
an amended petition.

Appeal from the St. Louis Circuit Court, Hon.
George W. Lubke, Judge.

*Affirmed.*

W. B. THOMPSON, for the appellants : The petition in this case is not sufficient under section 3176, of the Revised Statutes, to entitle the plaintiff to a mechanic's lien against the defendants' property, for the reason that the account set forth in the petition embraces labor, lime, brick, and other materials, and such a petition is open to the objection that it embraces a lumping charge. *Edgar v. Salisbury*, 17 Mo. 271; *Lewis v. Cutter*, 6 Mo. App. 54; *Kling v. Construction Co.*, 7 Mo. App. 411; *Cotling v. Nast*, 8 Mo. App. 573; *Russell v. Bell*, 44 Pa. St. 47; *Lee v. Berg*, 66 Pa. St. 336; Phillips' Mechanic's Liens, 489; *Hilliker v. Francisco*, 65 Mo. 598, 603; *Foster v. Wulfing*, 20 Mo. App. 85. It was error in the court below to proceed to a final judgment against the owner on the issue of the lien without service of the amended petition upon the contractors, and the objection to any testimony being introduced in support of the allegation of the amended petition, was for that reason, and for that alone, fatal to plaintiff's case, Rev. Stat., secs. 3205, 3207, 3209, 3210; *Horstkotte v. Menier*, 50 Mo. 158; *Janney v. Spedden*, 38 Mo. 395; *Ticknor v. Voorhis*, 46 Mo. 110; *Young v. Woolfolk*, 33 Mo. 110; *Skinner's Ex'r v. Hutton*, 33 Mo. 244; *Bayse v. Ambrose*, 28 Mo. 39; *Neidenburger v. Campbell*, 11 Mo. 351; *Foster v. Wulfing*, 20 Mo. App. 87. The petition fails to state a cause of action against the defendants' property to entitle the plaintiff to a mechanic's lien in this, that the petition fails to aver that there was any material, work, or labor performed by the plaintiff at the request of the defendants, or that the material was reasonably worth any prices set forth. *Heinrich v. Gymnastic Society*, 8 Mo. App. 588; *Burrough v. White*, 18 Mo. App. 229; *Graves v. Pierce*, 53 Mo. 423; *Lowis v. Cutter*, 6 Mo. App. 54; *Nelson v. Withrow*, 14 Mo. App. 270; *Gaus v. Hussman*, 22 Mo. App. 115. The petition failed to state a cause of action because there was no just and true account filed with plaintiff's petition, the petition itself

showing the item on the debit side of the account, "To allowance made for shortage in building and walls, credit agreed to be given Schawacker, $117.64." On the credit side of the account, "Credit for shortage as above, $117.64," which of itself shows, without any further argument, that there was no credit given. The account made up of two lumping charges—first, the item of labor and materials, $426.57, which says, "Including brick, mortar, labor, and all materials"; another item of $3.063.40, "To labor and materials, including brick, mortar, labor, and all materials," are lumping charges on their face, and the subsequent parts and items of the account are made up in order to 'evade sections 3202 and 3216 of the Revised Statutes. By the confusion of this account the judgment also includes 7,800 brick, which was not embraced in the contract price on the theory that the walls of the building were to be six feet longer than they were constructed, at $12.50 per thousand, amounting to $97.50. *Murphy v. Murphy*, 22 Mo. App. 18; *Gauss v. Hussman*, 22 Mo. 115; *Henry v. Rice*, 18 Mo. App. 510; *Schulenberg v. Prairie House*, 65 Mo. 295; *McWilliams v. Adams*, 45 Mo. 573, 575; *Coe v. Ritter*, 86 Mo. 277, 287; *Johnson v. Building Co.*, 23 Mo. App. 546. In order to establish a mechanic's lien against the property of the defendant, the statutory requirement that the lien must set out the items of the account cannot be cured by oral evidence to show that all of the items of mortar, labor, and all materials can be included in one charge; the lien claim must set out the items, though the contract is for a gross sum. The testimony of the plaintiff's witnesses was an attempt to explain the two lumping charges in plaintiff's lien claim, but in all of these cases the witnesses testified that all of the items could be separated, and that the charge was made in a lump, and included the several items. *Kling v. Construction Co.*, 7 Mo. App. 410; *Nelson v. Withrow*, 14 Mo. App. 270; *McWilliams v. Adams*, 45 Mo. 573, 575; *Coe v. Ritter*, 86 Mo. 277, 287; *Johnson v. Building Co.*, 23

Mo. App. 546. The comment of the court at the trial of this case, in the presence of the jury, in the following words : " You are entitled to no credit when you repudiate the contract and insist upon their proving the reasonable value," was not only error, but it was calculated to shield the plaintiff's false and fictitious account. Rev. Stat., sec. 3172 ; *Henry v. Rice*, 18 Mo. App. 510 ; *Garnett v. Berry*, 3 Mo. App. 202 ; *Barker v. Berry*, 8 Mo. App. 446 ; *Planing Mill Co. v. Brundage*, — Mo. App. 275.

CAMPBELL & RYAN, for the respondent : Service of the amended petition upon defendants Dempsey and Schawacker was not necessary. *City v. Gleason*, 15 Mo. App. 25, 29. The amended petition was filed within ninety days after the lien was filed, and this was as to the defendant Davis a commencement of this suit ; that the writ issues subsequently makes no difference. *Gosline v. Thompson*, 61 Mo. 471. The exception made by appellant at the trial to language of the court (which we say was not prejudicial to his case) cannot be urged here, as it was not saved in the motion for a new trial. This is a " well-settled rule of practice " in our appellate courts. *Railroad v. Clark*, 68 Mo. 371, 374 ; *McCord v. Railroad*, 21 Mo. App. 92, 96 ; *Simpson v. Schulte*, 639, 642. The point most urged by appellant is that the lien account was insufficient. It was sufficient under the rulings of this and other courts of authority. *Johnson v. Building Co.*, 23 Mo. App. 547 ; *Hayden v. Wulfing*, 19 Mo. App. 365 ; *Pue v. Hetzell*, 16 Md. 548 ; *Shaw v. Barnes*, 5 Barr (Pa.) 18 ; *Donahoe v. Scott*, 12 Pa. St. 45 ; *Knowlay v. Ellis*, 12 Phil. 396 ; *Ricker v. Jay*, 72 Maine, 107 ; *Nelson v. Withrow*, 14 Mo. App. 270, 277 ; *Lowis v. Cutter*, 6 Mo. App. 54, 56 ; *Kling v. Construction Co.*, 7 Mo. App. 410, 411 ; *Codling v. Nast*, 8 Mo. App. 573. The mechanic's lien statute is highly remedial in its nature, and should receive a liberal construction to advance the just and beneficent objects had in view in its passage. *De Witt v. Smith*, 63 Mo. 263 ;

*Hayden v. Wulfing*, 19 Mo. App. 357. The complaint about the item of $117.64 is not well taken. Whether or not each item in the account is a charge on the building could be determined by inspecting same. Unless lien and non-lien items are so mingled as to be inseparable the account is a good lien account, to the extent of the items which constitute a charge on the property. *Johnson v. Building Co.*, 23 Mo. App. 546, 549 ; *Kershaw v. Fitzpatrick*, 3 Mo. App. 575 ; *Edgar v. Salisbury*, 17 Mo. 273.

Thompson, J., delivered the opinion of the court.

This is an action by a subcontractor to recover a balance due from a firm of principal contractors and to establish a mechanic's lien for such balance against a lot of ground and a building. The original petition was filed on the nineteenth of May, 1887, and the principal contractors, Dennis Dempsey and William J. Dempsey, and also the owner, Christopher Schawacker, were made defendants. Personal service was had upon each of these defendants. On the sixteenth of July, 1887, two other defendants, Maria W. Johnson and John H. Tennent, entered their appearance, and the plaintiff, by leave of court, filed an amended petition, and on his motion summons was ordered for the other defendants, Mathilda Davis, James S. Davis, her husband, and James S. Davis as trustee for Mathilda Davis. In accordance with this motion, summons was issued for the last-named defendants on the eighteenth of July, which was returned duly executed. The amended petition was not served on the defendants Dennis Dempsey and William J. Dempsey. These defendants filed no answer. The other defendants jointly answered by a general denial, followed by a special traverse of the essential allegations of the amended petition, and an averment that the plaintiff had failed to comply with the statutes in reference to mechanic's liens by filing a

just and true account of any work or materials furnished, etc. The original petition is not set out in the record, so that it does not appear that it was in any respect different from the amended petition except in respect of the additional defendants. A default was taken against the defendants Dennis Dempsey and William J. Dempsey. There was a trial by a jury of the issues made by the amended petition and the answer of the other defendants, which resulted in a verdict and judgment against the defendants Dennis Dempsey and William J. Dempsey in the sum of $1,162.74, and a finding that the plaintiff had established a mechanic's lien on the building and lot in the sum of $1,008.47, subject to a prior lien in favor of the defendant Maria N. Johnson, for the amount due under a certain deed of trust. After an unsuccessful motion for a new trial, the defendants, other than Dennis Dempsey and William J. Dempsey, prosecute this appeal. The record is voluminous. The points insisted upon by the appellants are the following:

I. That the petition is not sufficient, under section 3166, Revised Statutes, to entitle the plaintiff to a mechanic's lien, for the reason that the account therein set forth embraces labor and lime, brick and other materials, and the petition is open to the objection that it embraces a *lumping charge*. This account was as follows:

"January 19, 1887.

"To contract price for brick-work on
     building, 414 South 3rd street,
     St. Louis, under contract with
     William Dempsey and D. J.
     Dempsey......................$5,738 00

"These labor and materials furnished from September 30, 1886, to and including January 19, 1887. (Made up as follows):

"To labor and materials in furnishing and putting into building of Chris. Schawacker, 414 South 3rd street, St. Louis, Mo. (including brick, mortar, labor, and all materials), 10,156 stock brick at $42.00 per M.................. 426 57

To labor and materials in furnishing and putting into same building (including brick, mortar, labor, and all materials) 245,073 hard red brick at $12.50 per M....... 3,063 40

To hauling scaffolding for work on said building................. 20 00

To use of scaffolding on work on said building................. 85 00

To red paint used in said building, four barrels ................. 25 39

To allowance made for shortage in building and walls, credit agreed to be given Schawacker......... 117 64

$3,738 00

Credits :—
Cash by order Dec. 11, '86. $  500 00
Cash by order Dec. 17, '86.    800 00
Cash by order Dec. 27, '86. 1,200 00
Credit for shortage as above.   117 64   $2,617 74

$1,120 36"

The ground on which it is claimed that the above account embraces a lumping charge of several materials is that it does not separate the amount due for brick from the amounts due for mortar, for other materials, and for labor. We do not think that the account is open to this objection within the meaning of the decisions which bear upon this question. The account is framed with the view of making separate charges for two classes of brick laid in the wall, according to what is known as

"wall measurement," which is the measurement established by statute. Acts of 1885, p. 200, sec. 3. It charges for certain brick work, itemized according to kinds of brick and number of each kind used. This is sufficient under several decisions. *Hayden v. Wulfing*, 19 Mo. App. 353 ; *Johnson v. Building Co.*, 23 Mo. App. 546.

II.   It is next objected that the petition fails to state a cause of action, because the account annexed thereto was not a just and true account, within the meaning of section 3176, Revised Statutes.   This objection is based upon the following grounds :   That there is an item on the debit side, "To allowance made for shortage in building and walls, credit agreed to be given Schawacker, $117.64" ; that on the credit side of the account there is a "credit for shortage as above, $117.64," from which it is argued that no credit was given ; and that, in order to fill out the amount of the contract price of the brick work on the building, which was $3,738, it was necessary to charge up the following items :

"To hauling scaffolding for work on said
        building .........................$ 20 00
 To use of scaffolding on work on said
        building........................... 85 00
 To red paint used in said building, four
        barrels...... .................. ........ 25 39
 To allowance made for shortage in build-
        ing and walls..................... 117 64
                                            ─────────
        Making a total of................$248 03 "

We think these objections untenable.   The objection that the item for shortage is on both the debit and the credit side of the account is merely specious, since it is not necessary to put such an item in the account at all ; in fact, it is not an item.   It was evidently placed there by the draughtsman of the account on the conception of showing how much was allowed for shortage in the building and walls.   Precisely the same balance would have been arrived at if the plaintiff had drawn

his account without saying anything about the contract price or the shortage, but charging the other items on the debit side and giving on the credit side the credits which are given, except the credit for shortage. As to the other items charged for and objected to, it is sufficient to say that under the instructions of the court the jury rejected them from the amount for which their finding established the lien against the property, although they included them in their finding against the Dempseys. But as the Dempseys do not appeal, there is nothing in respect of those items of which the appellants can complain, unless their mere presence in the account, as filed with the claim of lien, prevents it from being the "just and true account" prescribed by the statute. The setting out of the items which the jury, under the instructions of the court, rejected from the lien, did not vitiate the account or destroy the lien; because they were separately set out and were not so mingled with the other items as to be incapable of separation therefrom, within the meaning of *Nelson v. Withrow*, 14 Mo. App. 270, 277, and other cases of that class. The mechanic's lien law is to be construed remedially (*Hayden v. Wulfing*, 19 Mo. App. 357, and cases cited); and it would defeat the policy of the law and lead to unjust results if the lien claimant were to lose his lien by mistake in inserting therein certain items which were not lienable. In *Johnson v. Building Co.*, 23 Mo. App. 546, it was held that a lien is not vitiated because the account filed by the subcontractor includes charges for work not included in the contract, but which would be a proper subject of lien if included in the contract, where the improper items are severable from the other parts of the account. We see no reason why the same principle should not be extended to a case where non-lienable items are included in the account by mistake, but stated separately, as, for instance, the items in this account for hauling scaffolding and for the use of scaffolding, assuming them to be non-lienable items. They are probably lienable items, since they

may either be reasonably supposed to fall within the designation of "work or labor done" or "material furnished" for a building, within the language of section 3172, Revised Statutes. But if they were non-lienable items, the purpose of the statute in requiring a just and true account to be filed would not be defeated by their presence, since every person is presumed to know the law ; and the land-owner, by a mere inspection of the account, could readily conclude what items would carry the lien claimed and what would not—which would satisfy the reasoning of *Nelson v. Withrow, supra.*

III. Another objection is made to the petition, which is that it fails to aver that any material, work or labor was furnished by the plaintiff at the request of the defendant, or that the material for which the lien is claimed was reasonably worth the prices charged for it. The first clause of this objection is bad in law, and the second in fact. It is not necessary, in the petition of a subcontractor, to enforce a mechanic's lien, to aver that the materials were furnished at the request of the owner of the property. He states a case entitling him to a lien within the statute, when he states that the materials were furnished at the request of the principal contractor and under a contract between the principal contractor and the owner ; and that is stated in this petition. It is a mistake in point of fact to assume that the petition does not state that the material was reasonably worth the prices set forth. It contains the following allegation : "Plaintiff says that the material, work and labor furnished, as above set forth, in the account hereinafter copied into this petition—that all of said material, work and labor were actually used in and upon said building, and were reasonably worth the prices charged in said account."

IV. The next objection, marked V., in the appellants' printed argument, may be resolved into an objection to the course of the trial, which, as is argued, allowed the introduction of parol evidence to cure what

the appellants regard as defects in the account,—showing the separate items of mortar, labor, and materials which were included in the two principal charges.  This is disposed of in the observations already made concerning the account itself.  As the account was sufficiently explicit to satisfy the statute, this evidence, which further particularized, did no possible harm to the defendants; but in fact most of it was brought out by them, and they make a very considerable argument to show that the verdict is incorrect upon the evidence thus adduced. This argument seems to be predicated upon the conception that the plaintiff was entitled only to the reasonable value, within the limits of the contract, of the brick which went into the wall, according to kiln count, and not according to wall measurement.  But the jury took a different view, and their finding is supported by substantial evidence.  The plaintiff introduced evidence of experts who measured the building, to the effect that the amount of brick of the two kinds charged for had been actually put into the wall according to wall measurement, and his evidence tended to show that the charges made were reasonable.  The amount for which the verdict gives a lien is made up of the aggregate of the two items of stock brick and hard red brick at the prices named, after deducting twenty-five hundred dollars, the aggregate cash payments which the plaintiff had received, and computing interest upon the residue from the date of the filing of the original petition to the date of the verdict.  This finding was within the evidence and cannot be disturbed here.

V.   There is an objection to an observation made by the court in the presence of the jury, claimed to have been prejudicial to the appellants; but, as this was not renewed in the motion for new trial, it is not available on appeal.  *McCord v. Railroad*, 21 Mo. App. 92; *Bevin v. Powell*, 11 Mo. App. 216, 220.

VI.   Another objection is, that the trial court proceeded to final judgment against the owner of the land

and building, on the issue of the lien, without the service of the amended petition upon the contractors, notwithstanding the objections of these appellants. This assignment of error is answered by the ruling in *St. Louis v. Gleason*, 15 Mo. App. 25, 29. They were in court already.

We see no prejudicial error in the record, and the judgment is accordingly affirmed. All the judges concur.