JAMES G. DOYLE, Respondent, v. G. A. WURDEMAN, Administrator, *et al.*, Appellants.

St. Louis Court of Appeals, April 2, 1889.

Mechanic's Lien: ESTIMATE OF BRICK WORK. When the petition charges the furnishing and laying of " 95,300 merchantable brick, as per brick measurer's measurement," and the lien account is for "furnishing all the material for and laying 95,300 merchantable brick at $9.82½ per M," the number or measurement of the bricks is to be taken and computed as directed by Session Acts, 1885, page 200, section 3, and not by a numerical or actual count. The account, therefore, is not indefinite, and there is no variance between it and the petition.

*Appeal from the St. Louis City Circuit Court.*—HON. SHEPARD BARCLAY, Judge.

AFFIRMED.

*W. F. Smith* and *D. D. Fassett*, for the appellants.

The plaintiff, in his petition, attempts to set out a case of proceeding under the statute of 1885 (Sess. Acts, p. 202), that is, on the theory of a wall measurement of the brick; he calls it "brick measurer's measurement." Our first contention is that there was a departure, and variance, amounting to a failure of proof between the pleading and the evidence in this:—That

the lien as filed showed or described no such method or idea of measurement; and the evidence as to "merchantable brick," the terms used in the lien, would have no reference to quantity and would only be taken to refer to quality, and when coupled with a number would mean numerical or actual count—hence the proof did not support the allegation, even admitting that the allegations in the petition were sufficient. See "merchantable," Abbott's Law Dic., p. 101 ; *Wood v. U. S.*, 11 Court of Claims, p. 680 ; *Hamilton v. Gaylord*, 34 Barb. 204. The lien, as filed, differs materially from the petition, and must in law be taken to be a statement of bricks, as of numerical or actual count. Hence when the evidence disclosed the fact that there was twenty-two to twenty-three per cent. less number of bricks than stated in the lien, the account is vitiated, as not being a "just and true account," as required by statute, and hence is insufficient. *Mc Williams v. Allen*, 45 Mo. 573, 86 Mo. 287 ; *Whitmore v. Meager*, 3 Mo. App. 582; *Lewis v. Cutter*, 6 Mo. App. 55 ; *K ling v. Ray Co.*, 7 Mo. App. 410 ; *Nelson v. Withrow*, 14 Mo. App. 270 ; *Heinrichs v. Society*, 8 Mo. App. 588 ; *Foster v. Wulfing*, 20 Mo. App. 85. The court erred in overruling defendant's objection to the evidence of the witness, Boerman, as to contents of brick work by measurement. The lien as filed, we contend, contemplates actual count, and no parol evidence could change the theory of the lien, or make a good lien account of one which was bad on its face. *Foster v. Wulfing*, 20 Mo. App. 85 ; *Coe v. Ritter*, 86 Mo. 277.

*Taylor & Pollard*, for the respondent.

The language of the lien is that James G. Doyle files the account below set forth, for work and labor done and materials furnished by him under the contract with Felix Raeman, upon, to and for the buildings and improvements, as follows, to-wit (here follows the description): Now this, taken in connection with the

account and the affidavit, which is a part of the same lien, which affirms that "the foregoing is a just and true account of the demand due affiant for work and labor done and materials furnished by him upon, to and for the buildings and improvements hereinbefore described, after all just credits have been given," conclusively shows to any mind that brick measurers' measurement is the guage by which the quantity of brick is to be determined. Moreover, two experts testified upon this point, both of whom said that the account implied brick measurers' measurement. The lien as filed does not differ materially from the petition. It is idle to say that it must be taken to be a statement of bricks as of numerical or actual count. The authorities cited by the appellants under this point have not the slightest bearing upon the question at issue. The cases cited are old and familiar to every member of this court. The doctrine is firmly embedded in our jurisprudence, that the provisions of the law concerning mechanics' liens are to be liberally construed to uphold the lien, and unfriendly strictness and mere technicality avoided. *Puttnam v. Ross*, 46 Mo. 338 ; *Oster v. Rabeneary*, 46 Mo. 595 ; *De Witt v. Smith*, 63 Mo. 263 ; *Hassett v. Rust*, 64 Mo. 325 ; *Morgan v. Railroad*, 76 Mo. 172 ; *Ransome v. Sheehan*, 78 Mo. 673; *Hayden v. Wulfing*, 19 Mo. App. 357 ; *Fitzgerald v. Beers*, 31 Mo. App. 363.

THOMPSON, J., delivered the opinion of the court.

This action was brought against the defendant, Raeman, as the owner of a certain lot of ground in the city of St. Louis, and against the defendant, O'Reilly, as trustee and the defendant, Howard, as the beneficiary in a certain deed of trust thereon, to recover of the owner the contract price of certain brick work done by the plaintiff in building the house on said lot, and to enforce a mechanic's lien therefor against the property.

The defendant Raeman had become a non-resident, and publication was had as against him. He died after the commencement of the action, and the action was revived against the defendant, Wurdeman, as his administrator, who entered his appearance as a party defendant, but did not plead. The defendants O'Reilly and Howard answered by a general denial. A default was taken against the defendant Wurdeman. On trial before a jury the plaintiff introduced evidence establishing in all respects his demand, and also his right to a mechanic's lien against the property described in his petition. The defendants introduced no evidence. There was a verdict for the plaintiff for the amount sued for and establishing a mechanic's lien in his favor against the property described in the petition. The defendants, O'Reilly and Howard, appealed to this court and assigned a catalogue of errors all of which seem to be variations of the same idea, and all of which seem to be answered by the decision of this court in *McLaughlin v. Schawacker*, 31 Mo. App. 365.

The petition recites the contract which is the foundation of the action and its performance, as follows: "That, on or about December 15, 1886, defendant Raeman contracted with plaintiff to furnish all the materials for and perform the labor of laying ninety-five thousand, three hundred merchantable brick, as per brick measurer's measurement, worth $9.82$\frac{1}{3}$ per thousand, or in all nine hundred and thirty-six dollars; and said Raeman agreed to pay plaintiff that sum therefor. That thereafter plaintiff furnished all the material for and performed the labor of laying the said ninety-five thousand, three hundred brick as per measurement, into the walls of said building." The mechanic's lien paper, which was filed in the office of the clerk of the circuit court, sets out, "the just and true account" required by the statute as follows:

"1886.

"FELIX RAEMAN, to JAMES G. DOYLE, *Dr.*

"Dec. 22, to March 10, 1887. To furnishing all the material for and laying ninety-five thousand, three hundred merchantable brick at $9.82¼ per M...$936 00

"Contra:

"By payments on acc't................. 136. 55

"$799 45."

The first position of the appellants is that the proof failed to sustain the allegations of the petition. Their argument is that the account set out in the lien as filed would ordinarily be taken to mean ninety-five thousand, three hundred brick by numerical or actual count, which, as the evidence shows, would be about twenty-five per cent. more brick than the same amount of brick by wall measurement. The second and third objections are grounded upon the same idea, These objections are answered by the decision of this court in *McLaughlin v. Schawacker*, 31 Mo. App. 365, where the items as stated in the lien paper were as follows:

"To labor and materials in furnishing and putting into building of Chris. Schawacker, 414 S. Third street, St. Louis, Mo. (including brick, mortar, labor and all materials), 10,157 stock brick, at $42 per M..................$426 57

"To labor and materials in furnishing and putting into same building (including brick, mortar, labor and all materials), 245,073 hard red brick, at $12.50 per M.... ............. ....$3063 40."

It was observed of this account by this court that it was "framed with a view of making separate charges for two classes of brick, laid in the wall, according to what is known as wall measurement, which is the

measurement established by the statute. Acts of 1885, p. 200, sec. 3." And we held that this statement of account was sufficient under the statute relating to mechanics' liens. The same may be said of the account embraced in the lien paper in the case now before us. It is upon its face an account rendered by a brick mason for a given number of brick, furnished by the mason and laid in the wall of the debtor's house, according to wall measurement. It is not susceptible of any other construction. It is to be read with reference to the governing statute, to-wit, the act of 1885, above cited. It is not indefinite or uncertain because it does not in terms refer to the statute. The statute relating to mechanics' liens undoubtedly requires the account filed with the lien to be sufficiently definite and certain to inform any person entitled to know, the nature and amount of the labor and materials for which the lien is claimed. But it is not necessary that the mechanic should refer to the statute, any more than it would be necessary for him to file a yard stick as an exhibit. If A. sues B. for the price of a barrel of flour containing so many pounds, it is not necessary that he should inform him that he means avoirdupois weight, for fear that B. will fall into the error of supposing that he means apothecaries weight or troy weight. In this case the account filed with the lien paper by necessary implication refers itself to the statute for its interpretation, and it was not even necessary for the plaintiff in drawing his petition to state, as he did out of abundant caution, that the measurement was according to bricklayers' measurement, because the statute determined that.

As the petition in this case was drawn in express terms with the view of charging for the work according to bricklayers' measurement, which the evidence shows to be the same as wall measurement, and also to be the measure prescribed by the statute, there was no variance between the petition and the evidence.

The other objections made by the appellants are so plainly destitute of merit that we do not consider it necessary to state them for the purpose of answering them.

We are asked by the respondents to affirm this judgment with ten per cent. damages. The respondent presses upon our consideration the view that this is a case where a mechanic is seeking to enforce the lien given him by the statute for a demand which is established by uncontradicted evidence ; that the decision of this court, in *McLaughlin v. Schawacker*, was rendered on June 5, 1888, long before the trial of this action took place ; that that decision disposes of the only substantial objections made by the defendants in this case ; that the plaintiff has been put to the expense of prosecuting an appeal in this court which is either frivolous or vexatious, and ought to be reimbursed as far as the court has the power to reimburse him, by an award of damages under section 3777, Revised Statutes, which empowers the court, in affirming the judgment or decision, "to award to the appellee or defendant in error, such damages, not exceeding ten per cent., on the amount of the judgment complained of, as may be just." In response to this application the learned and diligent counsel for the appellants suggested at the bar that the decision of this court in *McLaughlin v. Schawacker*, *supra*, was not known to him, until he had commenced the preparation of his brief, the official report not having been published when the appeal was taken. The decisions of the appellate courts in this state are so numerous that we apprehend that we go far enough when we hold counsel to a knowledge of our decisions after they have been officially reported.

The judgment will be affirmed without damages. All the judges concur.