R. G. SLOAN, Respondent, v. A. F. FRYE, Appellant.

Kansas City Court of Appeals, May 20, 1889.

1. **Practice :** EVIDENCE IRRELEVANT BUT NON-PREJUDICIAL. Even if evidence be incompetent or irrelevant, yet if it could not prejudice, there is no just ground of complaint.

2. **Appellate Practice :** ACTION OF THE TRIAL COURT, NOT EXCEPTED TO, IS NOT REVIEWABLE. Before this court can pass upon the remarks of the trial judge, made during the examination of a witness, exception thereto should be saved and attention called thereto in the motion for a new trial.

8. ———— : INSTRUCTIONS COVERING THE CASE : ABSTRACT MUST CON-
TAIN WHAT. The instructions in this case are found to fairly
present the matters in issue to the jury, such of defendant's
refused instructions as contain correct propositions of law being
incorporated in other instructions given ; and if counsel desire
this court to review instructions refused by the trial court, they
must be correctly set out in the abstract.

*Appeal from the Jasper Circuit Court.*—HON. M. G.
McGREGOR, Judge.

·AFFIRMED.

*Haughawout & Gray,* for the appellant.

(1) It was error to admit the testimony of the
witness, Gulick, as the evidence only consisted
of declarations of the plaintiff in his own interest, and
the conversation between Sloan and Mrs. Evans, and
all that was done there, as testified to by the witness,
was inadmissible, as it was not the best evidence and
was irrelevant to the issues in this cause. (2) It was
error for the court to make the statement to the witness
Cunningham, in the presence of the jury, "that the
defendant can not recover for his agency, " and then go
ahead with the evidence and instruct the jury that if
they believe from the evidence that he was the agent,
he could recover. *Wright v. Richmond,* 21 Mo. App. 76 ;
*State v. Haskin,* 7 Nev. 377 ; *Han v. Little,* 28 Ala. 236.
(3) If the above statement was made as a declaration
of law, instead of the opinion of the court, upon the
evidence, the court was in error when it gave the first
instruction for plaintiff, telling the jury if they believe
that he was the agent, then he could recover. *Wright
v. Richmond,* 21 Mo. App. 76. (4) The first instruc-
tion asked by the defendant was unquestionably the
law, and was predicated upon the evidence, and it was
error to refuse it. *Collins v. Fowler,* 8 Mo. App. 588 ;
*Beauchamp v. Higgins,* 20 Mo. App. 514. (5) The·

second instruction asked by defendant should have been given as the evidence showed that Frye was acting merely as a "middle-man," and that he was, or was not, the agent for Evans would not hinder him recovering a commission from Sloan. *Rupps v. Samson*, 16 Gray, 398; *Anderson v. Weiser*, 24 Ia. 430; *Stewart v. Mathes*, 32 Wis. 344; *Scribner v. Collen*, 40 Mich. 375. (6) The third instruction should have been given also, as an exchange of farms is really a sale, and was only a change in the terms. *Woods v. Stephens*, 46 Mo. 555; *Beauchamp v. Higgins*, 20 Mo. App. 514.

*Thomas & Hackney*, for the respondent.

(1) No error was committed in admitting the testimony of the witness Gulick. (2) Appellant can not be heard to complain in this court of the alleged misconduct of the judge during the trial in making certain remarks in presence of the jury. If he was prejudiced by any misconduct of the judge, he should have made that one of the grounds for his motion for new trial. The motion contains no such ground. *McLaughlin v. Schawacker*, 31 Mo. App. 375. (3) The defendant's first and second refused instructions, in so far as they enunciated correct principles of law, were incorporated into and covered by the instruction given by the court of its own motion. The same is true of another instruction asked by defendant and refused, very much similar to the spurious instruction marked "third" in appellant's abstract. To entitle the broker to commissions his act must be the procuring cause of of the contract. *Ramsey v. West*, 31 Mo. App. 687. (4) It was an undisputed fact, established by the testimony of Evans and defendant himself, as well as by other testimony, that the defendant had the farm of Evans in his hands for sale or trade. The defendant recognized that to be a fact by assuming it in his second refused instruction. The instruction given on the court's

own motion told the jury in unequivocal terms that the broker could recover commissions from both parties where his act was the procuring cause of the contract. Defendant could not possibly have been prejudiced by this instruction. But even if the instruction given on the court's own motion be erroneous, appellant could not assign error thereon in this court, for the reason that he did not raise any objection to it in his motion for a new trial. *Kimberlin v. Short*, 24 Mo. App. 643 ; *Webb v. Allington*, 27 Mo. App. 568. (5) If the jury did in fact allow the defendant five dollars for drawing the contract, their verdict was less favorable to plaintiff than it should have been, and defendant can not complain. *Alderman v. Cox*, 74 Mo. 78 ; *Chinn v. Davis*, 21 Mo. App. 363. The record discloses no prejudicial error against appellant, and the judgment ought to be affirmed.

GILL, J.—This is an action commenced July 2, 1887, before a justice of the peace, in Jasper county, on a promissory note signed by defendant, the amount of the note and interest at·date of institution of said suit being $91.05. On the return day of the summons defendant filed a set-off for $142.50, alleged to be due from plaintiff as a commission for trading plaintiff's farm. Judgment being rendered by the justice, an appeal was taken to the circuit court, where the case was tried before a jury, on the fifteenth day of March, 1888.

Defendant admitted the execution of the note and that it was due and unpaid. Defendant claimed that he had plaintiff's farm in his hands as a real-estate agent, for sale or trade and that he caused a trade of farms to be made between the plaintiff and one N. H. Evans, and that his commission amounted to $142.50.

Plaintiff denied having placed his farm in defendant's hands for sale or trade, and introduced evidence tending to show that he first learned of Evans' farm

being for trade through one Kelsey, and had gone to Evans' house and had left word with his wife for Evans to meet him in Carthage, at the Harrington hotel, if he desired to trade farms. That on the appointed day plaintiff came to Carthage, and on going to the hotel and not finding Evans there, he went across the square to defendant's office, and while there met Mr. Evans, and after talking trade several days, they exchanged farms and had defendant draw up a contract between them. That Evans first learned of plaintiff's farm being for sale or trade by card plaintiff left with his wife, telling him to meet plaintiff in Carthage.

It seems that on the trial in the circuit court the jury found for the defendant on the set-off, but only for the amount of five dollars, and rendered a verdict for plaintiff for $93.77. Judgment was entered thereon for plaintiff, and the defendant appeals.

I. It is difficult to see any just ground of complaint defendant can have to the evidence given by the witness Gulick. He testified simply that he went with plaintiff Sloan to Evans' residence, introduced Sloan to Mrs. Evans, and that Sloan there told Mrs. Evans, in the absence of Mr. Evans, about his (Sloan's) farm. Even if incompetent or irrelevant it could not have prejudiced the cause of defendant.

II. Further complaint is made of some remark the trial judge made, during the examination of witness Cunningham. Of this it is sufficient to say that the record discloses no exception thereto by the defendant, nor was attention called thereto in the motion for a new trial. Defendant can not therefore be now heard to object on that account. The alleged error should be first called to the attention of the trial court before being complained of here. *McLaughlin v. Schawacker*, 31 Mo. App. 375.

III. Neither is there any just cause of complaint as to the instructions given or refused. The court fully and fairly presented the matters in issue to the jury.

Although some of the defendant's instructions were correct declarations of the law, yet all such were sufficiently incorporated in others given by the court, and there was no error in refusing to repeat such legal propositions. Defendant's pretended third instruction, quoted in his abstract, does not appear in the record. This pretended number 3, it would seem, is a modification of number 6, refused at the trial. If counsel desire this court to review instructions refused by the trial court, they must be correctly set out in the abstract.

Upon a review of the points suggested we see no reason to disturb the judgment below, and the same therefore will be affirmed. All concur.