McDermott v. Claas.

## McDERMOTT v. CLAAS, *Appellant.*

### DIVISION TWO.

1. **Mechanic's Lien**: PETITION : STATUTE. A petition to foreclose a subcontractor's lien *held* to sufficiently aver that the account filed with the circuit clerk under Revised Statutes, 1879, section 3176, stated the name of the contractor.

2. ———— : ————. Where a petition states a cause of action, though imperfectly or indefinitely, a general objection to the introduction of evidence at the trial, because it fails to state a cause of action, should be overruled.

3. ———— : ———— : HARMLESS ERROR. The supreme court will not reverse a judgment on a merely technical ground not affecting the merits of the cause, because, *e. g.*, the petition failed to aver a fact which the evidence showed to be undisputed.

4. ———— : ACCOUNT : COMPUTATION OF BRICK WORK. A lien claim for furnishing and laying a given number of bricks is sufficient, though it does not state whether the bricks were computed by actual count or by wall measurement, and although it does not separate the value of the bricks from that of the sand and lime used in placing them.

5. ————: WALKS AND FENCES. Where walks and fences are constructed under one entire contract for the erection of a building, the mechanic has a lien for labor and materials expended on them.

6. ————: NON REVERSIBLE ERROR. Where in a suit to foreclose a subcontractor's lien, there is no real dispute as to the value of work and materials, the admission in evidence of an acceptance by the owner of the subcontractor's bid is not reversible error.

*Appeal from St. Louis City Circuit Court.*—HON. L. B. VALLIANT, Judge.

AFFIRMED.

*W. F. Smith* and *D. D. Fassett* for appellant.

( 1 ) The claim of appellant that the petition was bad as not stating facts sufficient to constitute a cause of action has been made with sufficient definiteness in the motions for a new trial and in arrest. But even if such claim had been lacking in definiteness as in said motions filed, or not made at all in the case, it would not be lost, but could be made in this court for the first time. *Bateson v. Clark,* 37 Mo. 31 ( construing R. S., sec. 2302 ; *Tapley v. Watson,* 38 Mo. 489 ; *Iba v. Railroad,* 45 Mo. 475 ; *McGrady v. Harris,* 54 Mo. 147 ; *Peltz v. Eberle,* 62 Mo. 177 ; *Sweet v. Maupin,* 65 Mo. 72, holding among other things that section 2302, Revised Statutes, 1889, cited in part 1 of respondent's brief, has no application to cases where petition does not state a cause of action. *Barrett v. Railroad,* 68 Mo. 65 ; *Weil v. Greene Co.,* 69 Mo. 286 ; *Hart v. Wire Co.,* 91 Mo. 415, holding that the statutes of jeofails, etc., do not apply to case where the petition does not state facts sufficient to constitute a cause of action. *McIntire v. McIntire,* 80 Mo. 473. ( 2 ) The objection that the petition does not state facts sufficient to constitute a cause of action in a case of this kind is not available in the supreme court. *Hart v. Wire Co.,* 91 Mo. 415 ; *Sweet v. Maupin,* 65 Mo. 72 ; *Weil v. Greene*

Co., 69 Mo. 281. Neither the lien record, nor the plead-ings in a lien case, are amendable in material aver-ments, even in the trial courts, after the lapse of the statutory period for filing the lien or bringing the action. *Fury v. Borckler*, 6 Mo. App. 24; *O'Neil v. Hirst*, 11 Phil. Rep. 171; *Mfg. Co. v. Jefferson*, 12 Phil. Rep. 483; *Russell v. Ball*, 44 Pa. St. 54; *Dearie v. Martin*, 78 Pa. St. 55; *Crowe v. Nagle*, 76 Ill. 437; *Knox v. Hilty*, 11 Atl. Rep. 792. (3) In special stat-utory proceedings plaintiff's right to recover must appear from the facts stated in plaintiff's petition, or statement of his cause of action, and every fact must be stated. *Barrett v. Railroad*, 68 Mo. App. 65; Phillips on Mech. Liens, sec. 21; *Railroad v. Mahoney*, 42 Mo. 467; Green and Meyer's Prac., secs. 447-8, p. 175; Overton on Liens, sec. 571, p. 594; *Foster v. Poillon*, 5 E. D. Smith, 556; *Cook v. Vreeland*, 21 Ill. 431; *Mayson v. Hayward*, 5 Minn. 75; *Bayard v. Malcomb*, 1 Johnson's R. 470; *Bartlett v. Crozier*, 17 Johns., star p. 456; Jones on Liens, sec. 1587; Black on Tax Titles, sec. 262; *Gault v. Soldani*, 34 Mo. 150. (4) An objection to the introduction of any evidence, on the ground that the petition does not state facts sufficient to constitute a cause of action, is proper practice and recognized as saving the objection at all stages. *Grove v. Kansas City*, 75 Mo. 675; *Garner v. McCullough*, 48 Mo. 315; *Andrews v. Lynch*, 27 Mo. 169. (5) The averment which is lacking is a material one. *Whitwell v. Thomas*, 9 Cal. 499. (6) Where the pleadings dis-close no cause of action, it is not enough that one was proved. "The effect and meaning of a record depend on the pleadings rather than the proof." "The evi-dence forms no part of a record—the pleadings the most essential part." *Park v. Keeber*, 37 Pa. St. 351; *Bellanger v. Hersey*, 90 Ill. 70. (7) The court found as a matter of fact that the sidewalk as laid in front of the building was a public sidewalk, thoroughfare or

McDermott v. Claas.

highway, and such finding of fact is final, and the supreme court will not entertain the claim of respondent to the effect that the sidewalk was not a public sidewalk in a public street. *Handlan v. McManus*, 100 Mo. 124 (8) It devolves on the plaintiff and not on the defendant in a case where lienable and non-lienable matter is mingled under one charge or contract to separate and distinguish the two, if plaintiff seeks to save himself from the effects of such mingling. *Stephens v. Lincoln*, 114 Mass. 476 ; *McGinnis v. Boyle*, 123 Mass. 570.

*Stark & McEntire* for respondent.

(1) The petition stated a cause of action, and was amply sufficient to sustain the finding and judgment of the court charging a lien upon the property of the appellant. *First*. The question raised by the appellant, as to whether the petition in the proper way alleged that the lien as filed named both the owner and contractor, not having been specifically presented to the trial court, will not now be heard. R. S. 1889, sec. 2302 ; *Sweet v. Maupin*, 65 Mo. 65 ; *Railroad v. Petty*, 30 Ind. 261. *Second*. If there is any doubt as to the sufficiency of the petition on the point named, the respondent now asks leave to amend it so as to insert the words necessary to supply the formal defect, and to make it conform to the uncontroverted evidence. R. S. 1889, sec. 2114 ; R. S. 1879, sec. 3583 ; *Daily v. Houston*, 58 Mo. 361 ; *Cruchon v. Brown*, 57 Mo. 38 ; *Mueller v. Kaessman*, 84 Mo. 318. (2) The account as filed is "a just and true account of the demand" as required by the statute. *Hayden v. Wulfing*, 19 Mo. App. 353 ; *Johnson v. Building Co.*, 23 Mo. App. 546 ; *Hilliker v. Francisco*, 65 Mo. 598. It itemizes the kinds of brick and the number of each kind, as laid in the wall. In other words, it charges according to wall measurement. *Doyle v. Wurdeman*,

35 Mo. App. 330; *Kurney v. Wurdeman*, 33 Mo. App. 447; *McLaughlin v. Schawacher*, 31 Mo. App. 365; R. S. 1889, sec. 8863; Laws, 1885, p. 198. (3) The evidence does not show that any charge was made for the bricks laid in the sidewalk. *First.* But such charge would be lienable, inasmuch as the house being a store and dwelling-house, abutting on the street, could not be comfortably used and enjoyed without a front sidewalk, and was included in the plans and specifications submitted by the owner to the contractor and subcontractor to work by. *Pullis v. Hoffman*, 28 Mo. App. 666; *Henry v. Plitt*, 84 Mo. 237. *Second.* Furthermore, the amount of work done in the sidewalk was so insignificant in quantity and value as compared to the whole work, that it would not defeat the lien. *Leisse v. Schwartz*, 6 Mo. App. 413. (4) No error was committed in admitting in evidence the copy of the bid by the respondent, and Fritz's acceptance of it which constituted the contract under which the brickwork is done. *Williams v. Porter*, 51 Mo. 441; *Hilliker v. Francisco*, 65 Mo. 598; *Kling v. Construction Co.*, 7 Mo. App. 410; *Foster v. Wulfing*, 20 Mo. App. 85; *Holmes v. Braidwood*, 82 Mo. 610. (5) The errors alleged by the appellant in his brief cannot be considered, because the motions for a new trial and in arrest of judgment did not specifically direct the attention of the trial court to them. R. S. 1889, sec. 2302; R. S. 1879, sec. 3774; *Sweet v. Maupin*, 65 Mo. 65; *State ex rel. v. Rucker*, 59 Mo. 17; *Fickle v. Railroad*, 54 Mo. 219. (6) The judgment being clearly for the right party, this court will not disturb it. R. S. 1889, sec. 2303; *Hedecker v. Ganzhorn*, 50 Mo. 154; *Conley v. Doyle*, 50 Mo. 234; *Hoskinson v. Adkins*, 77 Mo. 537; *State ex rel. v. Edwards*, 78 Mo. 473; *Sweet v. Maupin*, 65 Mo. 65.

THOMAS, J.—Godfrey Fritz, in March, 1886, contracted with Charles Claas to erect a three-story, brick

building on a lot belonging to the latter in the city of St. Louis, and plaintiff, as subcontractor under Fritz, agreed to do and did do the brick work, and this action was brought against Fritz to recover the value of the work, and against Claas to foreclose a mechanic's lien against the building and the lot on which it stood, the amount claimed being $2,514.

The case was tried by the court without a jury. Judgment went against Fritz personally for $2,758.70, that being the principal and interest of the demand, and against Claas, fixing a lien on his property and awarding a special *fieri facias* against it for the payment of that amount.   Claas alone appeals.

I.   The first error urged for a reversal of the judgment of the trial court is that the petition does not state facts sufficient to constitute a cause of action, and the appellant's objection to the introduction of any evidence under it  ought to have been sustained.   Section 3176, Revised Statutes, 1879, requires subcontractors to file with the clerk of the circuit court an account of the amount due him, "with the name of the owner or contractor or both if known to the person filing the lien."

It is insisted that the petition in this case fails to state that the account filed with the clerk gave the name of the contractor and for that reason failed to state a cause of action to foreclose a mechanic's lien in favor of a subcontractor.   We do not think the assumption that the petition fails to make this statement is justified by the record.   The petition describes the building to be erected and the property on which it was erected, alleges that the appellant owned the property ; that Godfrey Fritz was the contractor with the appellant for the erection of the building ; that plaintiff made a contract with said Fritz to "do the brick work and furnish the materials for" the building for $2,514, which work he did and for which said Fritz was still

indebted to him, none of this sum having been paid. The petition then alleges that "within four months after the completion of the building, he gave notice to said defendant Claas that he claimed a mechanic's lien against the buildings and real estate aforesaid, for the sum aforesaid due, stating also from whom the same was due for the work and labor done and materials furnished by him as aforesaid, and that, unless the said amount was paid within ten days," the plaintiff would file a mechanic's lien on said buildings and real estate; that no part of said sum being paid within four months after said indebtedness accrued, to-wit, on the eighth day of September, 1886, plaintiff filed in the office of the clerk of the circuit court of the city of St. Louis, state of Missouri, "a just and true account of the demand so due him as aforesaid, after all just credits had been given, and also a true description of said real estate whereon said buildings were erected on which the work and labor mentioned were done and materials furnished to, or so near a true description thereof as to identify, the same, claiming that said demand was a lien on said property, together with the name of defendant Claas as the owner of said property, all of which statements were verified by plaintiff by his oath; by virtue of which last-named proceeding plaintiff became entitled to and has a mechanic's lien on and against said real estate, and the buildings and improvements thereon."

We think the petition does state that the account filed by plaintiff in order to obtain the lien gave the name of the contractor. It does not do this in so many words, but that is the effect of what is stated. The petition having stated who the contractor was and that he was indebted to him in the sum of $2,514, for this work, goes on to state that plaintiff notified appellant that "he claimed a mechanic's lien against the building and real estate for the sum aforesaid due, stating also

*from whom the same was due,"* and that on the eighth day of September, 1886, he filed with the circuit clerk of the city of St. Louis "*a just and true account of the demand so due him as aforesaid.*"

That the petition alleges that the notice of the lien gave the name of the contractor, there can be no question and when the amount of the account and the name of the party who owes it are given, and then the averment is made that plaintiff filed a "just and true account of the demand so due him as aforesaid" the inference is that not only the *amount* of the account, but *the name of the party* from whom it was due were given. Too much ought not to be left to inference in pleadings on the one hand, nor ought the courts to favor vague and indefinite objections on the other. Here the objection was that the petition did not state a cause of action. The particular objection under discussion was not made in the court below. The court and opposite counsel were left to conjecture what the defect in the petition was. If a petition wholly fails to state a cause of action this general objection is sufficient. R. S. 1889, sec. 2047. But, if the petition states a cause of action imperfectly or indefinitely, this objection will not avail. In that case other methods, such as a motion to make more certain and definite, are provided. *Spurlock v. Railroad*, 93 Mo. 530.

This is a cut-throat practice at best, and it is often used oppressively. Such an objection can be taken by demurrer, but parties choose to remain under cover and spring it on their adversaries at a time when they are least able to defend themselves or parry the blows. However, as everyone ought to know, and must be held to know, when he has stated a cause of action, or failed to state one, he ought not to complain if taken by surprise at an inopportune time. But such an objection, to be available at the trial, must go to the *entire sufficiency* of the petition to state a cause of action, and

cannot avail where it states a cause of action which is indefinite and imperfect in some of its averments. We think, in the case at bar, if there be any defect in the petition, it is simply in not making affirmative allegations, but leaving a material matter to inference alone. This defect cannot be reached by the objection made in this case. It ought to have been made by motion to require plaintiff to make the petition more definite and certain. If that motion had been made, or the objection at the trial had been specific as to this point, the defect could have been remedied by amendment. Objections should be timely and specific.

The evidence in this case showed beyond controversy that the account filed did disclose the name of the contractor, as well as that of the owner of the property. Hence, this objection is simply a technical one. The court ought not to do a vain thing, and it would be a vain thing to reverse and remand this case on this technical ground, simply to give appellant an opportunity to traverse *an unquestionable fact*, a fact that has been once proved, and which appellant on the trial had a right to dispute, but which he did not dispute, and which he knows, and this court knows, would be *conclusively* proved on another trial. On this point the result must always be the same, because the fact involved is of record. *Dailey v. Houston*, 58 Mo. 361; *Cruchon v. Brown*, 57 Mo. 38; R. S. 1889, sec. 2303; *Conly v. Doyle*, 50 Mo. 234.

II. The second contention of appellant's counsel is in these words: "The lien claim and account set forth in the petition was too indefinite, vague and uncertain, and was not a compliance with the law. It did not state whether the brick were actual count or were wall measurement, or what sort of measurement or computation, and it mingled brick and material, such as sand and lime, and also labor, in one undistinguishable sum total."

The account is as follows:

" St. Louis, May 25, 1886.

"*Mr. Godfrey Fritz to Thomas F. McDermott, Dr.*

"To furnishing and services in laying the following mentioned brick to, on and upon the buildings, improvements and premises above described, as follows:

"One hundred and ninety-four thousand, five
    hundred and fifty-five merchantable brick,
    at $11.75 per thousand................$2,286.00
"Fifty-seven hundred and twelve stock brick
    at $40.00 per thousand................$ 228.00

                               " $2,514.00

"Said brick being furnished and said services rendered continuously between the thirtieth day of April, 1886, and the twenty-fifth day of May, 1886."

This account is sufficient. *Hilliker v. Francisco,* 65 Mo. 598; *Doyle v. Wurdeman,* 35 Mo. App. 330; *Kearney v. Wurdeman,* 33 Mo. App. 447; *McLaughlin v. Schawacker,* 31 Mo. App. 365; *Hayden v. Wulfing,* 19 Mo. App: 353; *Johnson v. Building Co.,* 23 Mo. App. 546.

The evident intent in this case was to charge for the brick in the wall, and we can see no more reason for requiring a lienor to give in his account the items of sand, lime, scaffolding and labor, as well as of the number of brick in a wall, than to require the items of clay, water, moulds, kilns and labor in making brick, when sold as brick not in a wall. A thousand loose brick are worth so much, which includes, of course, the materials that enter into them and the cost of making them. So, a thousand brick in the wall are worth so much, including, of course, not only the cost of making, but also the cost of putting them in the wall. The plaintiff filed an account for one hundred and ninety-four thousand, five hundred and fifty-five merchantable brick, at $11.75 per thousand, and fifty-seven hundred and twelve stock brick, at $40 per thousand. He furnished the brick and put them in the wall, and notified the

appellant that he charged $11.75 per thousand for the merchantable brick and $40 for the stock brick. Appellant had ample means to show, by remeasurement, that there were not one hundred and ninety-four thousand, five hundred and fifty-five merchantable brick and fifty-seven hundred and twelve stock brick in the building, and that the prices charged for these two classes of brick were too high. But he offered no evidence whatever on this point. The architect and superintendent of the building, employed by appellant, was a witness in the case, and appellant himself also testified, but neither one disputed, nor attempted to dispute, plaintiff's account, either as to the number of brick or their price. Appellant chose to leave the case on this point as made by plaintiff. Hence, *all* the evidence shows that plaintiff did put in the building one hundred and ninety-four thousand, five hundred and fifty-five merchantable brick, worth $11.75 per thousand, and fifty-seven hundred and twelve stock brick, worth $40 per thousand. It would be, again, a vain thing for this court to reverse and remand this case for new trial, to give appellant an opportunity to dispute a fact that he once had an opportunity to dispute, but which he failed to dispute.

III.   The evidence showed that a part of the brick included in plaintiff's account went into a sidewalk in a public street. Appellant's building was erected on the line of the street and the sidewalk was fifty feet long by thirteen feet wide, adjacent to and along the building.

The contention is that the labor and material expended in building this "sidewalk were non-lienable, and being furnished under one entire contract for one gross sum and inseparable from the lienable material, vitiated the whole claim." The phraseology of this contention shows that it is not tenable. Where walks and fences are constructed under "one entire contract," the mechanic' has a lien for the labor and materials

expended on them.  *Henry v. Plitt*, 84 Mo. 237.  This labor and material were lienable.  Appellant owned the land to the center of the street on which his property abutted, subject to the easement in favor of the public. *Hannibal Bridge Co. v. Schaubacher*, 57 Mo. 582 ; *Ferrenbach v. Turner*, 86 Mo. 416 ; *Rude v. The City of St. Louis*, 93 Mo. 408.  Appellant had the walk constructed along and adjoining his lot, either voluntarily, or by direction of the municipal authorities.  The work done by plaintiff was accepted by appellant's architect as having been completed according to the plans and specifications furnished the contractor by appellant, and hence this walk must have been included in these plans and specifications.  The whole job was let as "one entire contract" to Fritz, and the brick work according to the plans and specifications was sublet to plaintiff.  The construction of the sidewalk was included in the contract for the construction of the building.  The walk was constructed for the house by the direction of the owner, and it must, therefore, be regarded as appurtenant to the house.  In that case the labor and materials expended in its construction are lienable.  *Pullis v. Hoffman*, 28 Mo. App. 666 ; *Leisse v. Schwartz*, 6 Mo. App. 413 ; *Yearsley v. Flanigan*, 22 Penn. St. 489.

An examination of the authorities relied on by the appellant in his argument in support of the contention under review, with the exception possibly of *Kershaw v. Fitzpatrick*, 3 Mo. App. 575, shows that work and labor expended in the erection of a public building or improving a public street disconnected with any work on adjacent property, were held to be non-lienable. That is not the case here, however, as has been shown. A sale of appellant's lot would carry with it all of appellant's interest in the adjacent street and sidewalk.

IV.  During the trial the evidence tended to show that in June, 1886, after plaintiff had completed the work, and after Fritz in some way was looked upon as having

gotten out of the way, appellant had his architect, Mr. B. F. Meagher, to hunt up the bids of the sub-contractors and among them he obtained a copy of plaintiff's bid for the work he did. The architect wrote across this copy: "This is correct. B. F. Meagher," and sent it to appellant who wrote on the face of it "Accepted. Chas. Claas." This copy of plaintiff's bid was then read in evidence over appellant's objections, and this is assigned for error. The record fails to show the object for which this was offered and read in evidence. As appellant did not contradict or offer to contradict plaintiff's testimony as to the value of his work and materials, and as there could have been but one finding on that point, and as the lien was established by other evidence, which was not contradicted, we cannot perceive what benefit the evidence under review could have been to plaintiff or what injury it could have done appellant. For all practical purposes the facts in the case, while not admitted, are virtually conceded and appellant is here not disputing facts but standing on technicalities for a reversal of the case. None of these could have affected the merits of the action.

The judgment will be affirmed. All of division number 2 concur.