HENRY F. BROCKMEIER, Respondent, v. JOHN F. W. DETTE *et al.*, Defendants; THOMAS F. FINNERTY *et al.*, Appellants.

St. Louis Court of Appeals, May 1, 1894. *

1. **Mechanics' Liens:** CLERICAL ERROR IN LIEN ACCOUNT. A lien account through inadvertence misstated the year in which the work had been done, and the notice of lien had been given by a subcontractor to the owner, and, according to the year stated, these matters transpired more than a year before the filing of the lien. But statements in the affidavit to the lien account showed that the account was filed, and that the notice was given in due time, and the owner was aware that the work was not done in the year stated. *Held,* that the error did not invalidate the lien.

---

*This opinion was not reported in its regular order, owing to the pendency of a motion for the certification of the cause to the supreme court.

2. ——: LUMPING CHARGE IN LIEN ACCOUNT. The lien account of a subcontractor, who was wrongfully prevented from completing his work on a building by the owner, merely contained a charge "for two thousand, four hundred and ninety-three hours' carpenter work" on the building at a stated price per hour, and a credit for a payment received thereon by him. *Held,* that the account was sufficient.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

AFFIRMED (BOND, J., *dissenting*).

*T. J. Rowe* for appellants.

The court did not err in sustaining defendants' objection to the introduction of the lien in evidence. It is not a just and true account within the meaning of the law, in this: It fails to give the date when last work was done, and it is a lumping charge and does not give the items of work done by the plaintiff. R. S., sec. 6809; *Curless v. Lewis*, 46 Mo. App. 280; *Coe v. Ritter*, 86 Mo. 288; *Rude v. Mitchell*, 97 Mo. 365. The evidence shows that plaintiff did work under two different and distinct contracts; one general contract for $700 for whole work, and the other for extra work in changing partition doors; and consequently the items under each contract should be separately stated to make the account the just and true account demanded by the statute. *Kearney v. Wurdeman*, 33 Mo. App. 447; *Bruns v. Braun*, 35 Mo. App. 343.

*Aug. Rebenack* for respondent.

ROMBAUER, P. J.—The action is one to enforce a mechanic's lien, and is brought by the subcontractor against the contractor and owners. On the trial of the cause the court ruled out the lien account offered in evidence, and rendered judgment against the con-

tractor, but in favor of the owners of the property. The plaintiff thereupon filed a motion for new trial, complaining of this ruling, and the court set its judgment aside and awarded a new trial. From that order the defendant owners prosecute this appeal under the provisions of the act of 1891. Laws 1891, p. 70.

The defendant owners now contend that the original ruling of the court in rejecting the lien account as not in compliance with the statute was correct, because that account showed upon its face that the indebtedness accrued more than four months prior to the filing of the lien, and because it was not an account but a lumping charge.

The lien account is as follows:

"ST. LOUIS, January 12, *1892.*
"*John F. W. Dette Dr. to Henry F. Brockmeier,*
"For 2493 hours carpenters' work done on the row of five two-story brick buildings belonging to Thomas and John Finnerty at forty cents per hour.................................$997 20
    "By cash.............................................. 359 20
                                                                    ———————
        "Balance due.....................................$638 00

The affidavit of the lien account stated that the indebtedness accrued within four months of the filing of the lien, and that the plaintiff at least ten days prior thereto, namely, on the fourteenth and nineteenth of January, *1892,* gave written notice of his claim to the owners.

It would seem from a memorandum of the learned judge who tried the cause, which memorandum is made part of the record, that he ruled out the original lien account upon the trial on the ground that the date of the account, as well as the date of the notice, referred to *1892* instead of *1893,* and hence it appeared upon the face of the account that the indebtedness did not accrue within four months of the filing of the lien, which was February 2, 1893. On re-examination of

the question the learned judge became satisfied that this view was erroneous, since the fact that the error was merely clerical appeared not only from other parts of the lien account, but was patent by the fact concerning which there was no controversy, that the owner acquired the property in March, 1892, and all work done on the premises was done thereafter. As this was a controversy between the subcontractor and the owner, who, under the circumstances, could not possibly have been misled by the clerical error in the date, and hence the case is devoid of the elements of estoppel, the last ruling of the court was undoubtedly correct. *State ex rel. Brassfield v. Hurt,* 113 Mo. 90.

There is no merit in the complaint that the lien account is a noncompliance with the law, in that it contains a lumping charge and not a detailed account of the work done. It is hardly conceivable how, under the circumstances, the plaintiff could have filed a more detailed account than he has done. The facts shown by the testimony were that the plaintiff was a subcontractor at a specified price for doing all the carpenter work on the premises, and that, after he had done the bulk of the work, he was illegally and forcibly prevented by the defendant owners from completing it. Under these circumstances he was authorized to sue for the reasonable value of his work. His account states the character of the work and its reasonable value, and shows that the items charged are lienable. It gives credit for the amounts received on account. If any decision can be found in the books which makes an account in that form insufficient, we are not aware of it. The decisions in this state are all to the effect that it is sufficient. *Hilliker v. Francisco,* 65 Mo. 599; *McLaughlin v. Schawacker,* 31 Mo. App. 371; *Doyle v. Wurdeman,* 35 Mo. App. 330; *Linnenkohl v. Winkelmeyer,* 54 Mo. App. 570; *Grace v. Nesbitt,* 109 Mo. 9.

Gardner v. The Standard Ins. Co.

The case of *Rude v. Mitchell*, 97 Mo. 365, is no exception to this uniform ruling, as there the account failed to show on its face that it was filed for lienable items only.

The judgment granting a new trial is sustained. Judge Biggs concurs. Judge Bond dissents.